Bank of America, National Trust and Savings Association, as Successor to the Bank of Italy, National Trust and Savings Association, Assignee of the Farmers and Mechanics Bank, Appellee, v. Grace S. Jorjorian and Samuel K. Jorjorian, Appellants.

Gen. No. 40,747.

Heard in the first division of this court for the first district at the June term, 1939. Opinion filed January 22, 1940.

MAX MURDOCK, of Chicago, for appellants.

TELLER, LEVIT, SILVERTRUST & LEVI, of Chicago, for appellee; H. J. GOLDBERGER, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendants appeal from a judgment of $9,326.25 entered against them upon trial by the court of a claim

of plaintiffs on a promissory note executed by defendants on which there was an alleged deficiency in a nonjudicial foreclosure. Many of the facts were presented by defendants' answer but the trial court struck paragraphs 3, 4 and 5 of this answer. We are of the opinion this was error, but as both sides have discussed all of the facts in the case we shall disregard this action of the trial court.

Prior to April, 1928, defendants owned certain real estate in California subject to a $10,000 mortgage held by plaintiffs' predecessor bank; February 25, 1937, the mortgage securing the note and the payment of the note were extended and defendants signed the note on which this suit is brought.

April 4, 1928, defendants sold the land to J. H. Cardwell and Verna L. Cardwell who signed an indorsement on the note which reads:

"The undersigned successors in interest of the makers of this note and the deed of trust securing same, hereby and herewith assume and agree to pay the within note and indebtedness evidenced thereby." Plaintiff bank agreed to this and accepted the note so indorsed. Defendants allege, and plaintiffs admit, that by reason of this indorsement defendants were liable as sureties, if at all, and not as principal. This was admitted on the trial and in the brief on behalf of plaintiffs.

For approximately nine years thereafter plaintiffs treated the Cardwells as the debtors while defendants remained all the time at their residence at Evanston, Illinois, receiving no demands, notices or information of any of the dealings or proceedings between plaintiffs and the Cardwells.

September 11, 1933, over three years after the maturity of the note, the mortgaged premises were sold in California at a trustee's sale without court proceedings and without knowledge of these defendants. November 13, 1933, plaintiff brought suit on the note in the California court, naming as defendants the Card-

wells and the Jorjorians, the present defendants; the Jorjorians were not served and had no notice or knowledge of this suit except as later informed when this Illinois suit was begun on November 9, 1937; later plaintiff filed in the California suit an affidavit for attachment, which writ was levied on the title of the Cardwells on the tract of land secured by the instant mortgage and also other land in California.

December, 1935, plaintiff received from Cardwell $1,000 on account of this note and at the same time filed in the California suit an order of "dismissal with prejudice as to the defendant J. H. Cardwell only." The present defendants had no knowledge of that dismissal or of the attachment or of the suit itself, except when they were informed by their attorney at the commencement of the present suit.

The defense is that the legal effect of this dismissal of the suit against Cardwell "with prejudice" was an absolute release of Cardwell's personal liability on the note and hence, under well-known decisions of the courts, defendants were exonerated as sureties. Plaintiffs in this court say this dismissal "with prejudice" was merely a covenant not to sue, plaintiffs still retaining its rights to bring an action on the note against defendants. This depends upon the meaning of the words "with prejudice" as defined by the courts. In *Union Indemnity Co. v. Benton County Lumber Co.*, 179 Ark. 752, 761, the court held that these words had a well-recognized legal import and are "as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff." This was followed in *Lake v. Wilson*, 183 Ark. 180, holding that a dismissal "with prejudice" is *res judicata* of all questions which might have been litigated in the suit. To the same effect are *Shorten v. Brotherhood of Railroad Trainmen*, 182 Ark. 646; *Lindblom v. Mayar*, 81 Wash. 350; *Pulley v. Chicago R. I. & P. Ry. Co.*, 122 Kan. 269.

Plaintiff argues, and the trial court was in accord, that this order of dismissal meant dismissal of the attachment suit only and not as to the main debt. Neither the record nor the decided cases support this view. Had plaintiff intended to dismiss the attachment suit only it would have been an easy matter to have the record show this. But the record shows that when this order of dismissal "with prejudice" was entered the attachment suit was not mentioned. We are of the opinion that the order was a dismissal and adjudication of all rights of plaintiff against Cardwell. In *Petroyeanis v. Pirola,* 205 Ill. App. 310, this court held that the entire liability of defendant was released although the document itself described the release as a covenant not to sue. Plaintiff cites *Parmelee v. Lawrence,* 44 Ill. 405, but the document there considered stated explicitly the unmistakable intention to leave the rights and liabilities unimpaired. Plaintiff cites other cases where the language definitely reserves the right against the surety. No such language or reservation was in the instant order of dismissal. It is final and conclusively adverse to plaintiff.

In many cases it has been held that the release of the principal releases the sureties. Among the cases so holding are *Prudential Ins. Co. of America v. Bass,* 357 Ill. 72; *Tabero v. Stutkowski,* 286 Ill. App. 225; *Passman v. Budnizky,* 284 Ill. App. 533, 540; *Albee v. Gross,* 250 Ill. App. 98; *Braun v. Crew,* 183 Cal. 728 and *Wagoner v. Brady,* 223 N. Y. S. 99.

We hold that by the order entered in December, 1935, plaintiff released and discharged its alleged right of action against these defendants. The judgment will therefore be reversed without remanding.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.