In the Matter of Estate of Herbert P. Crane, Deceased, Defendant-Appellee.
Claim of Elida E. Piza, Claimant-Appellant.

**Gen. No. 10,414.**

Opinion filed May 24, 1951. Released for publication June 11, 1951.

LITTLE, WILSON & CLAUSEN, of Aurora, GEORGE C. THOMPSON, and DAVID SCHALLMAN, both of Chicago, for appellant.

J. PAUL KUHN, of Aurora, GEORGE D. CARBARY, of Elgin, ROBERT McCLORY and WILLIAM C. ATTEN, both of Chicago, for appellee; DAILY, DINES, ROSS & O'KEEFE, of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The Estate of Herbert P. Crane, deceased, appealed from an order of the probate court of Kane county, allowing the claim of Elida E. Piza in the amount of

$275,493.40. The circuit court of Kane county, in a trial de novo, dismissed the claim on the ground that it had been adjudicated in a prior proceeding between the same parties. From this order, and from the circuit court's denial of claimant's motion to vacate the order, the claimant, Elida E. Piza, has prosecuted this appeal.

The primary issue presented here is whether the circuit court erred in determining that the orders entered in the proceedings on March 11, 1946, and April 10, 1946, in the circuit court of Kane county, were *res judicata* of the rights of the parties in the probate claim.

Inasmuch as various aspects of this case have been before the Illinois courts for ten years, and the issue of *res judicata* is involved, it is important to review the sequence of events and legal proceedings appearing from the record.

The claimant, Elida E. Piza, and the decedent, Herbert P. Crane, were married in New Orleans on May 12, 1916, and one child was born of their marriage. Claimant alleges in her probate claim that Herbert P. Crane gave her a certificate, evidencing some 300 shares of capital stock of the Crane Company, as a wedding present because he wished to provide for her after his death. He suggested that since he was more experienced in business matters, if she would turn over the stock certificate to him he would hold it as a trustee for her sole use together with all dividends and increments therefrom. In reliance thereon, she turned over the certificate to him, and it was agreed that she should not receive any portion of the trust estate until his death, at which time the trust would terminate, and she would receive the corpus of the trust.

On November 16, 1920, claimant and Herbert P. Crane were divorced, and a property settlement awarding claimant a lump sum of some $100,000 was agreed

329

upon as temporary and permanent alimony, support money for herself and the child, and in settlement of all claims which she had, or at any time in the future might have against Herbert P. Crane growing out of the marriage relation. Claimant contends, however, that the trust was specifically excluded from the property settlement, although the decree contains no reference thereto.

The claimant further alleges that during the intervening years she proceeded on the assumption that Herbert P. Crane was discharging his duties as trustee; however, on September 20, 1939, she was advised that he made representations to the Crane Company that he was the sole owner of the stock certificate, that it was lost, and that he wanted a new one issued in lieu thereof in his own name, thereby evidencing an intention to convert it to his own use. As a result of this alleged breach of trust, claimant asserts that she demanded that he account and deliver the trust estate to her, and upon his refusal she instituted suit in the circuit court of Cook county on October 25, 1939, against Herbert P. Crane and the Crane Company. The Crane Company was dismissed from the suit and she filed a second amended complaint against Herbert P. Crane alone.

Defendant Crane filed a motion to dismiss the second amended complaint wherein he alleged that there were insufficient allegations to establish a gift of the stock certificate, or a trust; that such alleged trust violated the rule against accumulation of income, and the Statute of Wills, since the alleged interest of plaintiff is in the nature of an attempted testamentary disposition; that plaintiff was guilty of laches in seeking to enforce her alleged rights which relate back to 1916, or 25 years prior to the second amended complaint, during which time defendant has aged and passed his 80th year, and the witnesses which defendant might produce

to establish the mendacity of plaintiff's complaint have died or disappeared, or their memories are impaired by the passage of so long a time; and that the complaint is barred by the provisions of the divorce decree.

In his affidavit in support of the motion, defendant alleged that during their marriage a stock certificate representing 300 shares of common stock of the Crane Company, registered in the name of Herbert P. Crane, became lost; that he had asked plaintiff to sign an affidavit to assist him in having a duplicate certificate issued, but she refused in response to the urgent demands of her sister who was living with them; that persons present at such conversations have since deceased, or their whereabouts cannot be ascertained; and that plaintiff has never asserted the claim prior to the filing of the suit.

The circuit court of Cook county denied defendant's motion to dismiss the complaint, and ordered him to answer. His answer and a reply thereto were filed. On November 6, 1943, Herbert P. Crane died, and his death was suggested to the court. Plaintiff was allowed to substitute the executor of the estate as defendant, and a third amended complaint was filed on June 6, 1944. The cause was transferred to the Kane county circuit court in November 1944.

The executor for the estate filed a motion supported by affidavits to dismiss the third amended complaint, alleging in substance the same grounds set forth in the motion to dismiss the second amended complaint. A copy of the divorce decree was attached to the motion. On March 11, 1946, the circuit court of Kane county sustained the motion to dismiss the third amended complaint. The court ordered plaintiff to file a fourth amended complaint within 20 days, and set the cause for hearing on April 10, 1946. Plaintiff failed to file a fourth amended complaint and on April 10, 1946, the case was dismissed with prejudice.

The court order is as follows: "This cause, coming on to be heard upon the set call of JUDGE CHARLES A. O'CONNOR, one of the Judges of said Court, and it appearing to the Court that heretofore on the 11th day of March, 1946, a motion of the defendant supported by an Affidavit to dismiss the plaintiff's third amended complaint was sustained and the plaintiff's third amended complaint ordered dismissed, and

"It further appearing to the Court that on the 11th day of March, 1946, the plaintiff was given twenty (20) days within which to file a fourth amended complaint, the time for the filing of which expired on April 1, 1946, and

"It further appearing to the Court that within said time ordered and provided, the plaintiff failed to file herein a fourth amended complaint, but defaulted in that respect, and

"It further appearing to the Court that no extension of time for the filing of said complaint was granted or allowed, or motion therefor presented within the time provided by said Order of March 11, 1946; and

"It further appearing to the Court that among the grounds urged by the defendant in his motion to dismiss the plaintiff's third amended complaint and supported by an Affidavit of Facts were the defenses of laches and prior adjudication, which said motion and Affidavit in support thereof were filed herein on the 6th day of August, 1945, and

"It further appearing that no counter Affidavit of Facts was ever filed in response to said motion and Affidavit in support thereof, and the Court having heard the argument of counsel and having examined the files and pleadings herein, and being fully advised in the premises:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff be and is hereby held in default for

the failure to file herein a fourth amended complaint on or before April 1, 1946, and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this cause be and the same is hereby dismissed with prejudice.

April 10, 1946.  Enter:  /S/ CHARLES A. O'CONNOR, JUDGE.''

Claimant thereafter pursued the claim she had filed in the probate court after the death of Herbert P. Crane, which was for the money value of the shares of stock allegedly held in trust by the decedent. A stipulation had been entered postponing the probate claim pending the disposition of the circuit court proceeding. After various motions, objections and hearings in the probate court, an order was entered on March 9, 1948, allowing the claim of Elida E. Piza in the amount of $275,493.40. The defendant estate appealed therefrom, and the circuit court, in a trial de novo, on January 14, 1949, held that the claim of Elida E. Piza should be dismissed on the ground that it was barred by a prior judgment of the circuit court. The claimant, Elida E. Piza, filed a motion to vacate the order of January 14, 1949, entered by the circuit court dismissing her claim, and alleged therein that the court failed to consider that before the cause was transferred to Kane county, the circuit court of Cook county had denied defendant's identical motion to dismiss the second amended complaint, and the cause was at issue, with an answer and reply thereto on file. She also offered a partial transcript of the proceedings on March 11 and April 10, 1946, to show that the complaint was dismissed for plaintiff's failure to retain counsel, and prosecute the case, and that the cause was dismissed for her failure to file a fourth amended complaint. She also sought to introduce the testimony of JUDGE O'CONNOR, who entered the orders, and the court reporter, to explain what transpired on those dates. The

circuit court refused to admit the evidence, and denied claimant's motion to vacate the judgment dismissing her claim, from which orders claimant has appealed.

The appellee has filed a motion to strike the reply brief of appellant as being improper, impertinent and scandalous, containing numerous derogatory and insulting remarks directed against counsel for appellee and the Honorable HARRY W. McEWEN; the trial judge who heard the case in Kane county, circuit court. This motion was taken with the case. From an examination of the record we think the appellant's reply brief uses language toward the court and the attorneys which is not justified and wholly uncalled for, and not supported in any manner by the record in the case. In order to give the appellant the full benefit of her reply brief, we have decided not to strike it. The motion to strike the same is hereby overruled.

As before stated, practically the whole case rests upon the effect of the order of JUDGE O'CONNOR when he dismissed the suit of appellant in 1946, and whether or not it is *res judicata* to the rights of the parties in the present litigation.

In the case of the *City of Elmhurst v. Kegerreis,* 392 Ill. 195, Kegerreis had started a suit against the City of Elmhurst to compel the city to erect certain buildings. The defendant, the City of Elmhurst filed an answer setting up certain portions of a zoning ordinance. The plaintiff filed a motion to strike the defendant's answer. The motion was sustained. The city was granted leave to file an amended answer in fifteen days. They failed to file any answer. Judgment was entered granting the mandamus as prayed. No appeal was taken from that judgment. Later, the city filed a suit for an injunction against Kegerreis to enjoin him from establishing a business, claiming to be in violation of their zoning ordinance. The defendant entered a plea that the former suit was a bar to the present action and

*res judicata,* as to all of the matters contained in the suit. In the opinion the court uses this language: "By sustaining the motion to strike the answer in the *mandamus* suit in which one of the grounds alleged in the motion was the invalidity of section 3 of the zoning ordinance, and awarding the writ, the effect of that judgment was to hold that section invalid. It is immaterial that the court, in the order and judgment entered, did not expressly so hold, or did not mention the validity or invalidity of the ordinance. The value of a plea of former adjudication is not to be determined by the reasons which the court rendering the former judgment may have given for doing so. . . . The fact that the court did decide, and the results of the decision, are the matters that are material. The reasons, if any, given by the court in arriving at the conclusion reached, are wholly immaterial."

This case is followed in *People v. Kidd,* 398 Ill. 405. Here we find language that is applicable in the present controversy, which is as follows: "If a court has jurisdiction its judgment may be directly attacked for errors or irregularities, but however manifestly erroneous the decision may be, it is binding upon all parties and privies until it is reversed or set aside in a direct proceeding for that purpose. . . . Jurisdiction to hear and decide a cause necessarily includes the right to render an erroneous decision. . . . The judgment of a court which had jurisdiction is immune from collateral attack, even though such judgment is erroneous. . . . This rule was announced by this court many years ago in the case of *Young v. Lorain,* 11 Ill. 624. We there stated that when a court has properly acquired jurisdiction and is authorized to hear and adjudge, and its judgment 'being thus entered by authority of law, no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evi-

335

dence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a regular proceeding for that purpose.' ''

That the order in question signed by JUDGE O'CONNOR dismissing the suit "with prejudice" is a final, appealable order, is sustained by the case of *Doner v. Phoenix Joint Stock Land Bank of Kansas City*, 381 Ill. 106, where the Supreme Court uses this language: "It must be conceded that the order of October 7, sustaining the motion to strike and striking the complaint, when standing alone, cannot be considered as a final appealable order. . . . It is equally true that there is a marked difference between an order striking a case from the docket, which is not final, . . . and an order dismissing the suit and assessing costs against the plaintiff, as was entered in this case, after the order of October 7.

"The contention that the order dismissing the suit was not on the merits because the record fails to show that plaintiff elected to stand by his complaint cannot be sustained. If he had wished to amend further he should have asked leave to do so. By omitting to do that, he elected to stand by his complaint and the proper order was for its dismissal. . . . While an order which merely sustains a motion to strike is not final and appealable, where a final order of dismissal of the suit follows the ruling on the motion to strike, it is sufficient evidence of an election to stand by the complaint.''

The appellant in commenting upon the case of *Doner v. Phoenix Joint Stock Land Bank of Kansas City, supra,* on page 22 of the reply brief, has this to say. ''The above case cited by appellee is authority only for the proposition that an order of general dismissal is a final, appealable order. It has no application to the problem here. We do not deny that JUDGE O'CONNOR'S

order of April 10th was final and appealable. We say that it is not *res judicata* because not rendered 'on the merits.' "

In the case of *People v. Harrison,* 253 Ill. 625, a similar question was before our Supreme Court and in discussing the matter they use this language: "It is argued that the decree, having been rendered upon a general demurrer to the bill, is not a bar to a subsequent action between the same parties for the same cause of action. It is true that a judgment, to be a bar, must have been rendered upon the merits. A judgment that a declaration is bad is not a bar to a declaration stating facts which do constitute a cause of action. It is, however, settled law that it makes no difference whether the facts upon which the court proceeded were proved by evidence upon issue joined or were admitted by way of demurrer to a pleading stating the facts. In either case the judgment rendered is equally available as an adjudication, and the facts so established cannot be again drawn in question between the same parties. A judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of a cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts."

The appellant complains frequently that the order entered by Judge O'Connor in dismissing the claim "with prejudice" was prepared by the defendant's attorney. Seldom if ever does a trial judge prepare the decree that he signs. The draft of the order presented by the attorneys for the defendant had no legal effect until it was signed by the trial judge, and after his signing the decree it then becomes official, and it is his work and not the work of any attorneys that prepared the decree. It is usually the province of the winning attorneys to prepare the draft of the decree, which the judge uses in disposing of the case, so we

337

find nothing irregular in anything that the attorneys did in preparing the decree.

The latter part of the judgment order signed by JUDGE O'CONNOR is: "It is further ordered, adjudged and decreed that this cause be and the same is hereby dismissed with prejudice." It is insisted by the appellee that the words "with prejudice" have a definite and well defined meaning in law and that the order in question is a final and appealable order and now binding upon the appellant in the present suit.

The appellant insists that the words "with prejudice" added to a dismissal order does not indicate a hearing on the merits. In support of this contention she quotes at length from *Goddard v. Security Title Ins. & Guarantee Co.,* (Cal.) 83 P. (2d) 24 [subsequent opinion 14 Cal. (2d) 47, 92 P.(2d) 804]. From a reading of this case it will be observed that the case was decided on a special demurrer, which ordinarily only goes to the form, but not to the substance of the complaint. In Paragraph 10 of the opinion we find the following: "In the instant case we have, therefore, a judgment of dismissal based upon a demurrer sustained for defects of form, under circumstances where it was possible to plead a good cause of action in another suit. This type of judgment, under the rules we have discussed, is not *res judicata.*" Under the facts and circumstances as revealed in that case, it has very little bearing upon the question here involved.

What was said in the case of *Caruso v. Metropolitan 5 to 50 Cent Stores,* 214 App. Div. 328, 212 N. Y. Supp. 199, at page 200 sheds no light upon this subject because the case there was dismissed "without prejudice" to the plaintiff. The case of *People v. Bristow,* 391 Ill. 101, is entirely different from the one we are considering. It involves the question where the plaintiff voluntarily dismissed the suit.

Both the appellant and appellee have quoted from Vol. 149 A. L. R. On Page 625 and 627, there is quite a lengthy discussion of the meaning of the words "without prejudice" in the dismissal of a suit. They quote at length from the case of *Goddard v. Security Title Ins. & Guarantee Co., supra.* At the beginning of the chapter entitled "Judgment with prejudice," we find the following: "As a general proposition, a judgment of dismissal which expressly provides that it is 'with prejudice' operates as *res judicata.*" They cite numerous cases in both Federal and State Courts that sustain this proposition.

Our attention has not been called to any case where the Supreme Court of this State has considered this question, but in the case of *Bank of America Nat. Trust & Savings Ass'n v. Jorjorian,* 303 Ill. App. 184, we find the same question discussed. The Bank of America had foreclosed a mortgage and sold the property in California. There was a deficiency in the amount of sale and the mortgage indebtedness. The Jorjorians who lived in Cook county were the original mortgagees and they had sold the property to J. H. Cardwell who lived in California. He assumed and agreed to pay the mortgage. The Bank of America brought suit in the State of California against the assignee and the owner of the property and the Jorjorians. The bank settled the case against Cardwell the assignee, without the knowledge of the Jorjorians. The suit was dismissed "with prejudice" as to the defendant, Cardwell only. Suit was then instituted against the Jorjorians in Cook county, and they defended that there was a former adjudication of their rights and that the settlement with Cardwell was in law a settlement of their indebtedness. The Appellate Court in passing upon the merits of this controversy used the following language: "The defense is that the legal effect of this

dismissal of the suit against Cardwell 'with prejudice' was an absolute release of Cardwell's personal liability on the note and hence, under well-known decisions of the courts, defendants were exonerated as sureties. Plaintiffs in this court say this dismissal 'with prejudice' was merely a covenant not to sue, plaintiffs still retaining its rights to bring an action on the note against defendants. This depends upon the meaning of the words 'with prejudice' as defined by the courts. In *Union Indemnity Co. v. Benton County Lumber Co.,* 179 Ark. 752, 761, the court held that these words had a well-recognized legal import and are 'as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff.' This was followed in *Lake v. Wilson,* 183 Ark. 180, holding that a dismissal 'with prejudice' is *res judicata* of all questions which might have been litigated in the suit. To the same effect are *Shorten v. Brotherhood of Railroad Trainmen,* 182 Ark. 646; *Lindblom v. Mayar,* 81 Wash. 350; *Pulley v. Chicago R. I. & P. Ry. Co.,* 122 Kan. 269.''

In the case of *Fenton v. Thompson,* 352 Mo. 199, 176 S. W. (2d) page 456, the Supreme Court of Missouri had before it a personal injury suit, where before the case was concluded in the trial court, the plaintiff took a voluntary nonsuit. The court dismissed the suit ''with prejudice.'' The court in deciding the merits of this controversy say: ''Respondent insists that 'in our procedure the words ''with prejudice'' do not exist' and that there is no decision of our Courts defining the term. We think the term 'with prejudice' has a well-recognized legal import; 'it is the converse of the term ''without prejudice'' and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff.' ''

In the case of *Harris v. Moye's Estate,* 202 S. W. (2d) 360, the trial court entered the following order in

the case. "Now on this the 9 day of October, 1944, the same being a regular day of the October term of the court, this cause coming on to be heard upon the motion of the plaintiff (sic) filed at the last term of court to dismiss for the want of prosecution, the court, after being well and sufficiently advised as to all matters of law and fact arising herein, doth find: That the plaintiff has failed neglected and refused to prosecute his action and the same should be dismissed with prejudice. It is therefore by the court considered, ordered and decreed that this cause be, and it is hereby, dismissed with prejudice, for want of prosecution."

The Supreme Court of Arkansas in passing upon the meaning of "with prejudice" has this to say: "The words 'with prejudice,' when used in an order of dismissal, have a definite and well-known meaning; they indicate that the controversy is thereby concluded. Discussing the meaning of these words, when used in a judgment of dismissal, JUDGE BUTLER said in the case of *Union Indemnity Co. v. Benton County Lumber Co.*, 179 Ark. 752, 18 S. W. (2d) 327, 330: This term has a well-recognized legal import; it is the converse of the term 'without prejudice' and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. . . ." Hence, the order of dismissal entered by the court on October 9, 1944, showed a complete adjudication of the controversy and was a bar to the subsequent action by appellant.

In the case of *Olsen v. Muskegon Piston Ring Co.*, 117 F. (2d) 163, there was a question raised whether the court should proceed with the hearing in the absence of some attorneys for the plaintiff. The defendant filed an affidavit that they would be prejudiced by a continuance. The court then entered the following order: "Thereupon the Court called upon the plaintiff to proceed upon the merits and the plaintiff failing to

341

respond, It Is Ordered, Adjudged and Decreed that the above entitled cause be dismissed with full prejudice to which order and decree the plaintiff then and there duly excepted." The circuit court of appeals in passing upon whether this was a final order state: "The sole question presented is the effect of the dismissal order in the former case. If this order constitutes a bar to the prosecution of the instant action, the judgment of the District Court must be affirmed. We think that the order of dismissal constitutes such bar."

In *Cleveland v. Higgins*, 148 F. (2d) 722, was a suit to recover an overpayment of taxes. The case was dismissed "with prejudice." Here we find this language: "It follows that if the appellant is right in saying that the appellees could have included in the first claim for refund what was made the basis of the second refund claim, the decision in the first suit was res adjudicata, for a dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action. . . . The cause of action which thus becomes res adjudicata comprehends not only what was actually decided but all matters which might have been decided."

In *Creek Indians Nat. Council v. Sinclair Prairie Oil Co.*, 142 F. (2d) 842, it is said: "A dismissal with prejudice is an adjudication on the merits. *Mars v. McDougal*, 10 Cir., 40 F. (2d) 247." To the same effect is *Berman v. Thomas*, 41 Ariz. 457, 19 P. (2d) 685.

In *Noakes v. Noakes*, 290 Mich. 231, 287 N. W. 445, the plaintiff brought a suit in the circuit court of Wayne county, Michigan, concerning an estate. The case was dismissed "with prejudice." Later, a new suit was started and the defendant raised the claim of *res judicata* by the former suit. From this decree an appeal was prosecuted to the Supreme Court. In their opinion we find this langauge: "The decree entered

in the Wayne circuit court is *res adjudicata* of the cause of action here alleged insofar as Thomas Henry Noakes is concerned. The case involved the same subject-matter and issues, practically the same relief was sought, and it was decided on its merits. Moreover, the decree dismissing the suit specified that it was entered with prejudice. The other defendants not having been parties to such suit, it cannot be *res adjudicata* as to them.'' *Maib v. Maryland Casualty Co.,* 17 **Wash.** (2d) 47, 135 P. (2d) 71.

In the case of the *People v. Harrison,* 253 Ill. 625 we find the following language: ''It is argued that the decree, having been rendered upon a general demurrer to the bill, is not a bar to a subsequent action between the same parties for the same cause of action. It is true that a judgment, to be a bar, must have been rendered upon the merits. A judgment that a declaration is bad is not a bar to a declaration stating facts which do constitute a cause of action. It is, however, settled law that it makes no difference whether the facts upon which the court proceeded were proved by evidence upon issue joined or were admitted by way of demurrer to a pleading stating the facts. In either case the judgment rendered is equally available as an adjudication, and the facts so established cannot be again drawn in question between the same parties. A judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of a cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts.''

Section 48 of our Practice Act entitled ''Involuntary dismissal for certain defects'' is as follows: ''Defendant may, within the time for pleading, file a motion to dismiss the action or suit, where any of the following defects appear on the face of the complaint, and he may within the same time, file a similar motion supported by

343

affidavits where any of the said following defects exist but do not appear upon the face of the complaint": E of this Section is, "That the cause of action is barred by a prior judgment." H, "That the claim on which the action or suit is founded is unenforceable under the provisions of the Statute of Frauds."

McCaskill in his work Illinois Civil Practice and Pleading in reference to this Section has this to say: "This section is a consolidation of Rules 106–110, inclusive, of the New York Rules of Civil Practice. Section 48 of the Civil Practice Act in certain respects amplifies and supplements section 45. If the ground of the motion appears on the face of the record, no affidavit need accompany the motion to dismiss. If, however, no defect appears upon the face of the record, an affidavit accompanying the motion to dismiss may set out any of the nine grounds enumerated in section 48. This motion is in the nature of an application for a summary judgment. If no opposing affidavit is interposed, the matter set out will be deemed to be true, and the court will dispose of the motion upon that basis."

■ It is our conclusion that when the present suit was dismissed *with prejudice:* that this denoted that the trial court had passed upon the questions presented by the pleadings, and was an adjudication of the merits of the litigation.

If the appellant had appealed from the order of April 10, 1946, then this court would have had to consider the merits of the controversy which were presented by plaintiff's complaint and defendant's motion and affidavits in support thereof, the defense being, laches, *res judicata,* and that the alleged trust agreement was not in writing and in violation of the statutes. If this court would find that the trial Judge properly found any one of these three defenses was

sustained by the pleadings, then certainly the judgment of the trial court would have to be affirmed.

■ As before stated, the motion filed by the defendant to dismiss the third amended complaint of the appellant was supported by affidavits, and they there state several reasons why the appellant could not maintain her suit, among them being laches, the claimed trust agreement to be in violation of the Statute of Frauds, and that the divorce proceedings had between the parties in 1920 settled all of their rights and was *res judicata* in the present proceeding. We are not here concerned whether the court was, or was not justified in dismissing the suit "with prejudice." That order was a final and appealable one, and it must stand as the law in this case, because the now appellant did not see fit to appeal from that judgment, and as stated in the above case *City of Elmhurst v. Kegerreis, supra,* whether the decision of the trial court was right or wrong is immaterial so far as this present litigation is concerned.

■ Appellant argues that they are not trying to question this judgment, but claim they are entitled to show by outside evidence what JUDGE O'CONNOR had in mind when he signed this order. We think the trial court properly refused to hear this evidence. *People v. Bristow,* 391 Ill. 101 at Page 110; *Lewis v. Blumenthal,* 395 Ill. 588; *Walton v. Albers,* 380 Ill. 423. An examination of the decree itself discloses what the court had before him in making his decision. It recites that the motion to dismiss supported by affidavits of fact where the defense of laches and prior adjudication had been filed, and that no counteraffidavits of fact were filed in response of said motion and affidavit, and the court heard the arguments of counsel and examined the files and pleadings, and being fully advised in the premises, it is therefore ordered, adjudged, etc. This is plain

language that the court had in mind the affirmative defenses that were set forth in the motion and affidavits, namely, laches and the former divorce decree being a bar to the appellant's action.

It is our opinion that the order dismissing the suit "with prejudice" signed by JUDGE O'CONNOR was a final, appealable order, and was an adjudication of the merits of the appellant's suit, and that the trial court properly held that this order was *res judicata* as to the rights of the appellant in the present suit.

The judgment of the trial court should be and is affirmed.

*Judgment affirmed.*