Florence R. Bachrach (formerly Florence R. Burkhardt), Plaintiff-Respondent-Appellee, v. William L. Burkhardt, Defendant-Petitioner-Appellant, and Nelda Burkhardt, Intervening Petitioner-Appellant.

## Gen. No. 10,486.

Opinion filed July 12, 1951.
Released for publication August 1, 1951.

SNYDER, CLARKE & DALZIEL, of Waukegan, for defendant-petitioner-appellant, and intervening petitioner-appellant; LEWIS D. CLARKE, of Waukegan, of counsel.

HALL, MEYER & CAREY, of Waukegan, for plaintiff-respondent-appellee; ALBERT L. HALL, of Waukegan, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Dr. William L. Burkhardt and Florence Bachrach, formerly Florence Burkhardt, the parties to this proceeding, were divorced on December 13, 1945. They had a minor child named Lorein. The father was given custody of this child with the right of the mother to visit it at reasonable times. There was a great controversy between the parties relative to the time the mother should visit the child. In December 1946, Mrs. Burkhardt, who had been remarried, now Mrs. Florence Bachrach, through her attorney, filed a petition

for contempt against Dr. Burkhardt in the circuit court of Lake county, Illinois. She subpoenaed the mother of Dr. Burkhardt in order to ascertain the address of the child. After some correspondence between the attorneys for the parties, the suit for contempt was dropped.

Early in the spring of 1948, Mrs. Bachrach corresponded with her former husband relative to a visit of her daughter, but they could not agree upon the length of time that the daughter should remain with the mother. Dr. Burkhardt came to Chicago on June the 20th, 1948, and went to see Mrs. Bachrach to try to agree upon the time of her visiting the child. Dr. Burkhardt's attorney requested that Mrs. Bachrach file no petition submitting the matter to the court until after the visit on June the 20th. Mrs. Bachrach's attorney agreed to this upon the representation that a notice of any petition could be served upon Bernard Decker, designated by Dr. Burkhardt's attorney as a local attorney upon whom notice might be served. Dr. Burkhardt and Mrs. Bachrach met on June the 20th, but could not agree upon any time for the visit. On June the 21st a notice was served on Bernard Decker, the attorney, with a copy of the petition stating their inability to agree on the disposition, or the time of visit of the child with its mother. On Wednesday, June 23, 1948, a petition was filed in the court pursuant to the notice served on Monday and the court entered a rule to answer the same by the 25th of June, 1948. The case was continued until June the 29th. Dr. Burkhardt received a copy of the petition from Bernard Decker's office, had copies of it made and discussed the matter with his attorney, Mr. Frank Wardecker. Mr. Wardecker requested to have the petition withdrawn, which was denied. On June the 26th, 1948, without the knowledge of Mrs. Bachrach, or her attorney, Dr. Burkhardt took the child back to Texas. Dr. Burkhardt notified

his attorney in a letter sent on June 25, 1948, to obtain time to answer the petition, which had been filed and also to get a continuance of the hearing and notify him of the date thereof.

Frank Wardecker, at Dr. Burkhardt's request, appeared in court on June 28, 1948, and obtained an extension of time to July 8, 1948, within which time to answer the petition, and had the hearing on the petition continued to July 12, 1948. Dr. Burkhardt's attorney was present at the hearing of the matter on July 13, 1948, at which time testimony was introduced. The matter was put off until the following day, and that day Frank Wardecker withdrew his appearance in the case. Certified copies of the orders entered July 14, 1948, were forwarded to Dr. Burkhardt at his correct address in Texas by registered mail dated July 21, 1948. A return receipt for said letter signed Dr. Wm. L. Burkhardt by P.F.C. Charles M. Boyett was returned. Later the letter itself was returned unopened.

The petition of the plaintiff had asked that the custody of the child be changed from the father to herself, and also that Wm. L. Burkhardt, the defendant, be cited for contempt of court in failing to let her visit the child. The court entered an order changing the custody of the daughter, Lorein, from the father to the mother, Florence R. Bachrach, with rights of the father to visit the child. The court also ordered that the defendant should pay the plaintiff $100 for attorney's fees in connection with the preparation of the hearing on the petition filed June 23, 1948. No appeal was taken from this order. Dr. Burkhardt refused to surrender the custody of the child, Lorein, to the mother, as provided in the Lake county circuit court order. He claimed that he had been advised by his attorney in Texas that the court in Lake county did not have jurisdiction in the matter, and therefore it was not binding

84

upon him, since the child was in his custody in the State of Texas at the time the decree was signed. Mrs. Bachrach went to the State of Texas and filed a habeas corpus proceeding for the custody of her child. She was successful in the trial court and William L. Burkhardt took an appeal to the Court of the Civil Appeals of the Fourth Supreme Judicial District of Texas, and attempted to have a supersedeas order, but the court refused to grant it. The court permitted Mrs. Bachrach to take her daughter with her to Pennsylvania where she is now living, but required her to furnish a $5,000 bond to insure compliance with any judgment order in the Supreme Court. The child was taken by Mrs. Bachrach to Pennsylvania. The Supreme Court of Texas affirmed the decision of the lower court, and held that the same questions presented to it in the habeas corpus matters had been presented to the circuit court in Lake county on the hearing of the petition of June 23, 1948, and affirmed the decision of the lower court.

Dr. Burkhardt and his former wife could not agree upon the time that the child should visit the father. In December, 1949, he was asking that the child visit him for a month starting the 1st of December, but they could not agree upon the time, or the conditions, so that nothing came of the negotiations. On July 13, 1950, he filed his petition in the circuit court of Lake county asking that the custody of the child be changed to him. A hearing was had on this petition and answer, and the intervening petition of Nelda Burkhardt, the second wife of William L. Burkhardt. The court held that Florence R. Bachrach was entitled to the custody of the child and entered an order denying the petition of William L. Burkhardt. It is from this order that an appeal has been perfected to this court.

It is first insisted that the court had jurisdiction to set aside the orders of July 14, 1948, because

the defendant at that time was in the military service, and was prejudiced thereby in making his defense. How the petitioner could have been prejudiced by his being in the military service at the time the order was signed July 14, 1948, is difficult to understand. He was in Lake county or Chicago on June 20th, 21st and 22nd of 1948, and received a copy of the petition filed by his former wife to change the custody of the child from him to her. He was represented by his attorney, Frank Wardecker, who appeared several times in court, and asked for, and was granted continuances each time that he requested it, and did not withdraw his appearance until the very last day that the case was set for a hearing. It is our conclusion that the appellant does not qualify for any relief under the Soldiers' and Sailors' Civil Relief Act.

 The order entered on July 14, 1948, was a final appealable order. As we stated before, no appeal was taken from this order, and it is too late now to question whether the court properly changed the custody of the child from the father to the mother. The court had jurisdiction of the subject matter and of the parties to the litigation. In the case of, *In The Matter of The Estate of Herbert P. Crane, deceased, v. Elida E. Piza* in the Appellate Court of the Second District of Illinois, 343 Ill. App. 327, we had a similar question before us and quoted from the case of *People v. Kidd,* 398 Ill. 405 and use this language:

"If a court has jurisdiction its judgment may be directly attacked for errors or irregularities, but however manifestly erroneous the decision may be, it is binding upon all parties and privies until it is reversed or set aside in a direct proceeding for that purpose. . . . Jurisdiction to hear and decide a cause necessarily includes the right to render an erroneous decision. . . . The judgment of a court which had jurisdiction is immune from collateral attack, even

though such judgment is erroneous. . . . This rule was announced by this court many years ago in the case of *Young v. Lorain*, 11 Ill. 624. We there stated that when a court has properly acquired jurisdiction and is authorized to hear and adjudge, and its judgment 'being thus entered by authority of law, no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a regular proceeding for that purpose.' '' William R. Burkhardt, having failed to appeal from the order of July 14, 1948, is not now in any position to test the validity of that judgment.

The appellee insists that the decision of the Supreme Court of Texas is *res judicata*, as to parties to the order entered July 14, 1948. An examination of the record shows that all of the questions except the one, that the defendant was in the military service, were raised in the Texas proceeding. We have stated that they did not think the question of the defendant's military service was a valid defense in this case. We are of the opinion that the Texas decision is *res judicata* as to this proceeding.

It is next insisted that the judgment should be reversed, because the court may change its order on the basis of the material facts existing at the time of the decree, but unknown to the court. This, no doubt, is the law, but in the present case the defendant had an opportunity to present his case fully at the time of the hearing in Lake County, but he chose not to do so. From the record in this case we do not find any facts that existed at the time the decree was signed that were unknown to the court.

It is next insisted to change the custody by the order of July 14, 1948, was purely a penalty, and

should be set aside. A short time after July 14, 1948, the petitioner in this case was notified of this order and if he had any complaint to make in regard to it, he had the liberty of taking an appeal to a higher court, and for this reason he is not now in a position to raise this point.

It is next insisted that the defendant had a material defense to the petition filed June 23, 1948. If Dr. Burkhardt had a material defense to this petition, he had ample opportunity to present it to the court. He failed to do so, and it is now too late to say what his defense might have been.

It is also contended that it is for the best interest of the minor child, Lorein Burkhardt, that her custody be restored to the father. In cases of this kind, before this court would be justified in reversing the order granting the custody to the father, the evidence must be clear and convincing that the trial court had erred in his judgment. The same judge tried all of these cases involving the same thing; namely, the custody of this little girl, Lorein Burkhardt. He was in a much better position than a court of review to decide what was the best interest of the child, which one of the parents should be given her custody. After all, it is the welfare of the child that must govern which one of them should have her.

It is our conclusion that the court did not err in refusing to change the custody of the minor child, Lorein Burkhardt, from the mother to the father, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*