Doris B. Elder, Third-Party Plaintiff-Appellant, *v.* Robert P. Robins, d/b/a Robbie's Standard Service Station, Third-Party Defendant-Appellee.

(No. 71-113; ▮▮▮▮▮▮▮▮▮▮

Third District—October 12, 1972.

James B. Lewis, of Peoria, (Heyl, Royster, Voekler & Allen, of counsel,) for appellant.

R. Michael Henderson, of Peoria, (McConnell, Kennedy, McConnell & Morris, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Peoria County which denied the petition of Doris Elder, Third Party Plaintiff, to reinstate her cause of action against Robert Robins, d/b/a Robbie's Standard Service Station, Third Party Defendant.

Doris Elder was defendant in the original action. She filed a Third Party action against Howe Motor Sales, Inc., and Robert P. Robins, d/b/a Robbie's Standard Service Station. The third party action against Howe was dismissed "with prejudice, cause of action satisfied" upon the stipulation of the parties, by an order of July 7, 1970. The case subsequently appeared on the calendar call of the Circuit Court of Peoria County. The third party defendant, Robins, moved to dismiss on the basis that the July 7, 1970, order was effective as a satisfaction of Elder's cause of action against Robins. That motion was granted by the order of February 26, 1971. Elder moved for a reconsideration. That motion was denied on March 15, 1971.

Elder did not appeal from the orders of February 26 and March 15, but she moved to expunge the words, "cause of action satisfied" from the July 7, 1970 order. The motion entitled, "Motion To Correct Order Or In The Alternative, Petition For Writ Of Error Corum Nobis" was filed

on March 25, 1971. That motion was granted in the order of April 23, 1971, which order also reinstated the case. Defendant moved to correct the order of April 23, 1971, by expunging that part of the order indicating cause reinstated because the order did not conform to the motion. Defendant's motion was granted. On May 3, 1971, Elder filed her petition in the nature of a petition under section 72 of the Civil Practice Act. (Sec. 72, Chap. 110, Ill. Rev. Stat. 1969.) The petition sought reinstatement of her cause of action against Robins on two theories. First, that 30 days after July 7, 1970, the court lost jurisdiction of the case and consequently the court's orders of February 26 dismissing the action as to Robins, and March 15, denying reconsideration, were entered at a time when the court had no jurisdiction. The second theory of the petition was that since the court had expunged *nunc pro tunc* that part of the July 7, 1970, order providing "cause of action satisfied", this constituted a new factor not previously considered by the court and one inconsistent with the basis of the court's previous order. The court denied the petition to reinstate the case and it is from such order that this appeal follows.

On this appeal third party plaintiff, Elder, argues the court erred in denying her petition for reinstatement arguing the court had no jurisdiction to dismiss her action against Robins having lost its jurisdiction 30 days after its order of July 7, 1970. Elder also argues that expunging the provision of the July 7, 1970, order was a sufficient basis to warrant granting relief under section 72 of the Civil Practice Act.

It is undisputed that a stipulation had been entered into by and between Elder and the other third-party co-defendant, Howe Motor Sales, sometime prior to July 7, 1970. Prior to its execution it contained the phrase, "with prejudice, cause of action satisfied", although the phrase, "cause of action satisfied" was deleted prior to execution and prior to presentation to the court. However the order entered July 7, 1970, contained the recitation, the drafter thereof apparently failing to modify the order to conform to the stipulation. The July 7 order and stipulation referred only to the parties Elder and Howe Motor Sales and so far as the records of the court were concerned the third-party case was still pending against Robins.

■■ Both parties agree that "cause of action satisfied" is a complete extinguishment of a plaintiff's cause of action against everyone. However we do not believe that the order of dismissal as to less than all of the third-party co-defendants terminated the court's jurisdiction against the third-party co-defendant not described in the order. While the finding in the order that the cause of action was settled would have the effect of entitling the other third-party co-defendant to dismissal as to him the

effect of the finding is not automatic. If the records of the court and the court itself believed that the action had not been dismissed as to Robins we believe that it has ample jurisdiction to dispose of pending cases.

Furthermore we believe petitioner's opposition to the Robins' motion resulting in the dismissal order of February 26, 1971, and her request for reconsideration denied March 15, 1971, without any claim that the court lacked jurisdiction, constituted sufficient participation in the proceedings so that the court reacquired jurisdiction if in effect it had been lost. *Stevens v. City of Chicago*, 119 Ill.App.2d 366, 256 N.E.2d 56; and *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 97 N.E.2d 817.

With respect to petitioner's claim that she was entitled to reinstatement of her case because the portion of the order upon which the dismissal was based had been expunged *nunc pro tunc* the respondent argues petitioner sought relief on a question of law rather than of fact, that it was not a proper section 72 petition because the matters alleged were the same as considered in the proceeding culminating in the order of March 15, 1971, denying reconsideration and lastly, that because the order of July 7, 1970, included dismissal "with prejudice" the continuation of this provision in the order had the same effect as the portion of the order expunged.

It is our conclusion the trial court did err in denying petitioner's request for reinstatement of her case.

■■ With respect to the proceedings resulting in the orders of February 26, 1971, and March 15, 1971, it appears the court interpreted and applied the provision in its order of July 7, 1970, cause of action satified, even though at the time the discrepancy between order and stipulation was pointed out. Nevertheless the provision of the order was there and apparently the court believed absent any request or motion to expunge it that the provision must be given effect. That the provision was subsequently expunged *nunc pro tunc* did in our judgment present a new factual situation not previously ruled upon by the court and accordingly a factual question rather than a legal question was presented.

■■ Buttressing our conviction in this regard is another aspect of the procedure employed in this case not discussed by the parties or included in the petition namely, that on March 25, 1971, Elder filed her petition to modify the July 7 order and it was pursuant to this motion that the order was modified *nunc pro tunc*. Since this motion was filed within 30 days from the date the court entered its order denying Elder's motion for reconsideration we believe the jurisdiction of the court continued. Even if in specific terms the motion did not request vacation of the previous orders it did attack the basis of the orders and in its legal effect sought to modify the order entered within 30 days prior thereto. In fact the

order of April 23, 1971, entered pursuant to the motion, not only expunged the provision of the July 7 judgment but also reinstated the case supporting our conclusion regarding the initial intent and effect of the motion filed within 30 days of the court's last order. On April 27, 1971, Robins moved to amend the order of April 23 by requesting that portion of the order regarding reinstatement be stricken from the order because the order did not conform to the motion. Robins' objection to the reinstatement provision was not that the court lacked jurisdiction but only that the order was erroneous. Although we believe the court had jurisdiction at the time the failure of the third party defendant to make a jurisdictional objection would constitute a waiver thereof. If the court had jurisdiction on April 23, 1971, it also had jurisdiction of the petition filed May 3, 1971, seeking the same relief.

■■ Lastly, it is our conclusion that dismissal of a case with prejudice is not legally the equivalent of dismissing a case because the cause of action has been satisfied. The general rule is as stated by respondent that a dismissal with prejudice has the same effect as if the case had been completely tried on its merits resulting in judgment adverse to plaintiff. (*In re Estate of Crane*, 343 Ill.App. 327, 99 N.E.2d 204, and *Bank of America Nat. Trust and Savings Assn. v. Jorjorian*, 303 Ill.App. 184, 24 N.E.2d 896.) The cases cited by respondent however apply the rule only in favor of the named defendant (*In re Estate of Crane, supra*) or to somebody claiming through him such as a surety. (*Bank of American Nat. Trust & Savings Assn. v. Jorjorian, supra*.) In the case at bar the third-party co-defendants are jointly and severally responsible and a judgment in favor or against one would be no bar to an action against the other.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for further proceedings.

Judgment reversed and remanded.

SCOTT and DIXON, JJ., concur.