Thomas Gilmer, Plaintiff-Appellant, v. Samson Dunn, Defendant-Appellee.

Gen. No. 50,001.

First District, First Division.

May 10, 1965.

Washington and Durham, of Chicago, for appellant.

Clarke, Longmire & Lane, of Chicago (Thomas M. Clarke, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff appeals from an order which, within 30 days, vacated a default judgment entered in his favor on a jury verdict. Plaintiff asserts the trial court abused its discretion "because the motion to vacate did not show due diligence."

After appearing daily on the regular trial call for a number of days, with both sides answering ready, plaintiff's alienation of affections suit, at issue, was assigned out for trial. In the absence of defendant and his attorney, the trial judge ordered the cause to proceed. Defendant was defaulted, and a jury returned a verdict for $3,300 in favor of plaintiff, and judgment was entered. Twenty-eight days later, the trial court vacated the judgment on defendant's motion which was supported by two affidavits.

The first affidavit is that of Euclid Louis Taylor, attorney for defendant. It substantially alleges that commencing on June 8, 1964, the case had appeared on the daily call of the Assignment Judge and was answered by a member of his office. On June 11, after the preliminary call, Taylor's office was notified during the morning, by telephone, that the case was assigned to Judge Wham for trial at 2:00 p. m. on that day. This information did not reach Taylor until 2:00 p. m., when he was appearing before Judge Fiedler in the matter of Jackson v. Jackson. While there, he received a telephone call from Judge Wham, inquiring as to how long he would be engaged before Judge Fiedler, and he informed Judge Wham that "he would probably be engaged for the balance of the afternoon." Nevertheless, the case proceeded to trial late on the afternoon of June 11, before a jury, and in the absence of Taylor and the defendant, a default verdict was rendered against defendant, "without notice that a default would be taken."

The affidavit states that defendant has a good and meritorious defense as more fully appears in defendant's answer to the complaint, and further "that defendant contends that the said Thomas Gilmer and Pearl Gilmer were never legally married and for that reason there could not be a finding of guilty entered against this defendant for alienation of affections . . . ," and if the parties were legally married, a decree of divorce had been entered in which the court found that Thomas Gilmer wilfully deserted Pearl Gilmer on August 27, 1954.

The second affidavit is by Samuel L. Patterson, an attorney, in which it is alleged that Patterson represented the defendant in Jackson v. Jackson, which "came on for hearing before Judge Fiedler at approximately 11:30 a. m. [June 11, 1964], but was held over to 2:00 p. m. before Judge Fiedler at which time

a full hearing was conducted and concluded around 5:00 p. m."

Plaintiff argues, "Defendant's attorney's actions did not amount to diligence as set forth in the decided cases. Even after notice that the cause was assigned for trial, that attorney did not appear before the trial judge nor did he have any other person from his office appear. When he was contacted in the court room of Judge George Fiedler, who we are certain that this court will take judicial notice of his assignment as a motion judge at that time, defendant's attorney saw fit to remain on the hearing of a motion and not appear for trial or have any other attorney appear in his behalf. Plaintiff was diligent and was present in court with his witnesses including an out of state resident. Plaintiff's attorneys requested a continuance until the next morning to give defendant an opportunity to defend, but the court ordered plaintiff to proceed. The resulting verdict and judgment were entered after proper procedure and it was an abuse of discretion to deny plaintiff the benefit of his judgment and force him to again bring in a nonresident witness to help prove his case."

From the record it appears that the trial judge was presented with a most difficult situation. It is apparent that he did not proceed without extending professional courtesy to defendant's attorney. The case had been on the trial call for several days prior to assignment for trial, during which period both sides were required to be in a state of readiness and in an unengaged status as far as possible. With the urgent need for an effective reduction of the "backlog" of jury cases pending in the Cook County courts, the action of the trial judge in proceeding with the trial was not unreasonable, particularly in view of the fact that plaintiff had present an out-of-town witness.

 Initially, we note that all courts of record have inherent power to vacate or set aside their judgments or orders during the term at which rendered. Section 50(6) of the Civil Practice Act (Ill Rev Stats 1963, c 110) provides that "[t]he court may in its discretion . . . on motion filed within 30 days after entry thereof set aside any final order, judgment or decree *upon any terms and conditions that shall be reasonable."* (Emphasis supplied.) The motion or petition should show a meritorious defense and a reasonable excuse for not having made that defense in due time. The object is that justice be done between the parties, and one party is not permitted to obtain and retain an unjust advantage. The result obtained from the application of these rules depends upon the facts to which they are applied. The motion is addressed to the sound legal discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. Courts in this state are liberal in setting aside defaults during the term time in which they are entered, when it appears justice will be promoted. The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and for the furtherance of justice. Dann v. Gumbiner, 29 Ill App2d 374, 379, 173 NE2d 525 (1961).

The record shows that the same trial judge who entered this default judgment also vacated it. He had firsthand knowledge of the question of the diligence of defendant's attorney. In certifying a statement of facts, part of the record, the trial judge included the statement, "An additional fact should be noted, that only one case is assigned to a trial judge at a time. The order was entered to clear the docket, and with the statement by the Judge that the order would, on

proper showing, be set aside to enable the parties to have a trial." Using the above guidelines in our examination of this record, and considering the affidavits filed in support of defendant's motion to vacate and the foregoing statement of the trial judge, we conclude that the trial judge did not abuse his discretion in vacating the instant default judgment within 30 days after the date of its entry. However, before vacating this judgment, it might have been proper for the trial judge to subject defendant to the payment of reasonable expenses actually incurred by plaintiff, together with a reasonable attorney's fee, but the record does not indicate such a request by plaintiff.

For the reasons given above, the order appealed from is hereby affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.