Thaddeus L. Stevens, a Minor, by Thaddeus A. Stevens, His Father and Next Friend, Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, Community Conservation Board of Chicago, and Its Commissioner, D. E. Mackelman, Defendants-Appellants.

Gen. No. 52,374.

First District, Fourth Division.

January 14, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Joseph N. Lascaro, Assistant Corporation Counsel, of counsel), for appellants.

Cooney & Stenn, of Chicago (William J. Harte, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This is defendants' appeal from an order vacating a dismissal for want of prosecution. The sole issue is whether the vacatur was proper.

On June 20, 1961, plaintiff sued defendants in tort. He demanded trial by jury. Defendants appeared and answered the complaint. From July 21, 1961, to April 22, 1964, there were discovery proceedings. On April 22, 1965, the cause appeared for pretrial. Neither party responded. The suit was dismissed for want of prosecution.

Despite the dismissal, on July 12, 1966, the case was on the call of another pretrial judge. It was then that Mr. Irving Stenn, plaintiff's counsel, learned of the dismissal order of April 22, 1965. Mr. Stenn told the lawyer for defendants that he was going to appear before the pretrial judge who dismissed the case and ask for a vacatur. On July 13, plaintiff filed a one paragraph "Peti-

tion to Reinstate." It was neither sworn to nor supported by affidavit. Without alleging any ground, the petition asked "[t]hat this Honorable Court enter an Order vacating the Order dismissing this cause and that this cause be reinstated in its proper place on the trial calendar." On July 14, 1966 the dismissal was vacated and the cause reinstated on the trial calendar by an order which found that "[a]ll parties being present and the court being fully advised in the premises; . . . ."

Following entry of this order, from August 18, 1966, to February 16, 1967, the parties appeared in court sixteen times on various discovery and pretrial motions. One of these was defendants' summary judgment motion supported by memorandum which the court denied on January 31, 1967 with the finding that "[t]here is an issue of fact existing."

On April 7, 1967, the cause was assigned for trial. April 10, 1967, after a jury was selected, defendants filed a motion to dismiss the suit alleging for the first time that on April 22, 1965, the cause was dismissed for want of prosecution; and that on July 14, 1966, more than fourteen months later, and without notice to them, the dismissal was vacated and the cause reinstated. Defendants alleged that the order vacating the dismissal was void because it was entered without jurisdiction. The trial judge declined to rule on defendants' motion. He decided, instead, to declare a mistrial and transfer the case to the assignment judge in order to enable the parties to resolve the questions raised by defendants. Accordingly, he entered an order finding "[t]hat a jurisdictional defect is present in this case. . . ." Thereafter, the parties went before the assignment judge; and from the colloquy between court and counsel, it appears that plaintiff wanted the opportunity to appear before the pretrial judge and invoke section 72 of the Civil Practice Act, Ill Rev Stats 1965, c 110, § 72.

April 20, 1967 plaintiff filed an eight-paragraph, section 72 petition. The first seven described the proceedings that led to the vacatur of July 14, 1966. In two of these paragraphs plaintiff alleged that his firm of lawyers did not receive notice that the cause was set for pretrial on April 22, 1965, nor did they receive notice that the case had been dismissed for want of prosecution. The eighth paragraph described the various court appearances of the parties after the vacatur of July 14, 1966, including the motion for summary judgment which defendants made "[I]n the middle of January of 1967, . . . ." Plaintiff supported the petition with three affidavits; one, that of his lawyers' office manager; another, the affidavit of the lawyer who was responsible for plaintiff's case in court; and a third, the affidavit of a lawyer in the firm representing plaintiff who described his review of the court file which showed that on July 14, 1966, the order of dismissal was vacated.

When plaintiff's petition was heard, counsel reviewed the history of the case. Defendants argued that the petition was deficient because it did not allege plaintiff had a meritorious cause nor that plaintiff was diligent in moving to vacate the dismissal. Defendants contended that the petition did not furnish a proper basis for vacating the order of dismissal. They requested the opportunity to answer. After hearing defendants, the pretrial judge said he had heard enough for him to act on plaintiff's petition. He ordered "[t]hat the dismissal order of April 22, 1965 is vacated under Chapter 110, section 72 of the Civil Practice Act nunc pro tunc July 14, 1966." Then in his own hand, the judge wrote "Deft may file written objections if wishes. However, he has stated enough to warrant this order of vacation (sic)." He then gave defendants ten days to file written objections to plaintiff's petition.

Within that time, defendants filed a three-paragraph "Objections To Petition Filed by Plaintiff on April 20,

1967" in which it was said that the petition was a nullity because the dismissal order was already vacated, that it failed to show by allegation or affidavit any reason for the vacatur requested, that it failed to allege facts showing diligence or a meritorious case; and finally, that the petition was filed after the court lost jurisdiction. June 6, 1967, the pretrial judge overruled defendants' objections with a handwritten entry on the order that "[T]he court having read the objections find they have not changed his opinion (sic)."

■■ Plaintiff does not question the dismissal order of April 22, 1965. That dismissal was an appealable involuntary nonsuit. Trojan v. Marquette Nat. Bank, 88 Ill App2d 428, 232 NE2d 160. It was a final judgment, with the trial court retaining jurisdiction for thirty days within which to entertain a motion to set aside the order and reinstate the case on the docket. Gilmer v. Dunn, 59 Ill App2d 202, 208 NE2d 85; Ill Rev Stats 1965, c 110, § 50(6).

■ Thirty days after the dismissal, the trial court lost jurisdiction to vacate the order. Procedurally, jurisdiction of the trial court over the cause could have been revested if plaintiff, by a petition which alleged a cause of action, properly invoked the terms of section 72 of the Civil Practice Act. Refiners Petroleum v. White Water Petroleum Terminals, 64 Ill App2d 46, 212 NE2d 748. This section provides a remedy by which a party can bring before the court matters of fact which, if known to the court when judgment was entered, would have prevented its rendition. Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294; Glenn v. People, 9 Ill2d 335, 137 NE2d 336.

Defendants contend that the order of July 14, 1966, which vacated the dismissal of April 22, 1965, on plaintiff's one-paragraph petition, was entered without jurisdiction. They argue that plaintiff's section 72 petition of April 20, 1967, did not allege facts justifying relief;

371

therefore, it could not support the order from which this appeal was taken. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719.

■ This argument presupposes that the only way the trial court could have reacquired jurisdiction was by a section 72 petition. It overlooks the conduct of the parties and the procedural history of this case after the pretrial judge entered the order of July 14, 1966. The rule is settled that where a court loses jurisdiction, after expiration of thirty days following entry of an order dismissing an action, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction over their persons and the subject matter of the action. The elements essential to revesting of jurisdiction are (1) the active participation of the parties without objection, (2) in further proceedings inconsistent with the prior order of dismissal. Ridgely v. Central Pipe Line Co., 409 Ill 46, 97 NE2d 817.

■ ■ We agree that plaintiff's one-paragraph petition was not an adequate procedural base for the vacatur of July 14, 1966. However, defendants' sixteen appearances in court after the improper vacatur, once filing a motion for summary judgment and obtaining a ruling, were inconsistent with the prior order of dismissal and revested the trial court with jurisdiction, even though there was no compliance with section 72. Conduct of the parties was more important than the nature of the proceedings invoked. Brown v. Miner, 408 Ill 123, 96 NE2d 530; Branch v. Barnes, 19 Ill App2d 472, 154 NE2d 337.

When parties are before the court, the test of jurisdiction is not adherence to substantive provisions of the Civil Practice Act; the test is whether the court had before it a justiciable matter. Ill Rev Stats 1965, Const Art 6, § 9. By appearing without questioning the vaca-

tur, or the court's jurisdiction, defendants waived their right to object to the propriety of the order of July 14, 1966. Craven v. Craven, 407 Ill 252, 95 NE2d 489; Ridgely v. Central Pipe Line Co., supra.

 When the cause was assigned for trial, the court, on April 10, 1967, could have proceeded to verdict and judgment. Branch v. Barnes, supra. Although it contained the court's finding and conclusion, the order of April 20, 1967 vacated the dismissal nunc pro tunc as of July 14, 1966. "[A] nunc pro tunc order is one presently made to show what was done earlier, and it takes effect from such prior date. It is a device to supply an omission and to enter of record an order actually made, but omitted from the record. It may correct clerical misprisions, but not supply omitted judicial action nor correct judicial errors." Chapman, Mazza, Aiello v. Ace Lumber & Const. Co., 83 Ill App2d 320, 337, 227 NE2d 562. For these reasons, the nunc pro tunc part of the order of April 20, 1967 was ineffective. The petition by which plaintiff invoked section 72 was in fact unnecessary. However, because the court was revested with jurisdiction by the conduct of the parties, it was not error to sustain plaintiff's petition so as to make clear that the cause was on the docket for trial. Judgment is affirmed.

Judgment affirmed.

STAMOS, P. J. and DRUCKER, J., concur.