CHESTER A. STARK, d/b/a CHESTER A. STARK & ASSOCIATES, Plaintiff-Appellee, v. RALPH F. ROUSSEY AND ASSOCIATES, INC. *et al.*, Defendants-Appellants.

(No. 54183;

First District—December 7, 1970.

Philip Conley, of Chicago, for appellants.

Economos, Alexander & Regas, of Chicago, (Albert J. Horrell and James A. Regas, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal requires us to decide whether the trial court erred in vacating two dismissals for want of prosecution and denying a petition for change of venue. The questions arose in a suit to foreclose a mechanic's lien.

In December 1963, Chester A. Stark, doing business as Chester A. Stark & Associates, sued Ralph F. Roussey & Associates, Inc., a corporation; Ralph F. Roussey, Chicago Title and Trust Company, a corporation as trustee and Unknown Owners, alleging that defendants employed

plaintiff, a duly licensed registered professional architect, to perform architectural services on real estate they owned in Cook County. It was claimed that plaintiff was entitled to a mechanic's lien on the real estate in the sum of $34,800.00 with interest, to secure what was due for services performed. March 19, 1965 the case was assigned to Judge Walker Butler. On June 28 he referred it to a master in chancery to take testimony and report conclusions of fact and law. Between July 1965 and November 10, 1966, the parties appeared before the master. On November 15, 1965, although hearings were in progress, the cause was on the call of the chief judge of the chancery division. No one appeared. It was dismissed for want of prosecution.

On February 13, 1968, although proofs before the master were closed and the parties were waiting for his report, the cause was on the calendar call of Judge Nathan M. Cohen. No one responded. He ordered the cause dismissed. Within 30 days of this order, plaintiff filed a petition to vacate it. Defendants moved to strike plaintiff's petition; and by an affidavit, called attention to the dismissal order of November 15, 1965. By allegations in the affidavit, defendants contended that the cause stood dismissed; and because more than two years had passed since the dismissal, the court lacked jurisdiction to grant plaintiff any relief.

In apparent response to this contention, plaintiff amended his petition to allege that the 1965 dismissal order was the result of an error which placed the case on a trial call while it was pending before a master in chancery. It was alleged that no notice of the dismissal was mailed by the clerk of the court; that in compliance with the reference, and after the November 15, 1965 dismissal, the master held hearings at which witnesses were presented by both plaintiff and the defendants.

One corporate defendant answered the petition, admitting that defendants had participated in proceedings before the master after the dismissal; that the attorney who represented defendants in those proceedings knew of the dismissal order; that the order was treated as erroneous and the cause as pending before the master; and that in April 1967, plaintiff's attorney learned of these facts. Thus, it was claimed, plaintiff having had knowledge of the dismissal and more than two years having passed, the trial court did not have jurisdiction to vacate the order. October 29, 1968, plaintiff's petition and defendants' answer were heard. The dismissal orders of November 15, 1965 and February 13, 1968 were vacated. Within the time required by rules, defendants filed a post-trial motion praying that the vacatures be set aside.

While this motion was pending, defendant Ralph F. Roussey filed a petition for change of venue alleging that he feared "[h]e will not receive a fair trial in said court, on account that the Judge thereof is preju-

diced against him, the petitioner, so that he cannot expect a fair trial in said court. (*sic*)" On March 27, 1969 the trial judge denied the petition in an order which found it was untimely. Then on April 7, 1969 defendant's post-trial motion was denied and the parties were ordered to "[f]ile with the Master in Chancery to whom this cause is referred, any objections which they may desire to file to said Master's Report dated March 18, 1969 by June 9, 1969 and that hearing on said objections is set for 2:00 P.M. June 18, 1969 before said Master. (*sic*)" On the same day, defendant Roussey renewed the petition for change of venue. The trial court, again because of untimeliness, denied it.

It is well settled that the dismissals were involuntary nonsuits, final and appealable, over which the trial court retained jurisdiction for a period of 30 days, to entertain a motion such as the one plaintiff made concerning the February 13, 1968 order. Ill. Rev. Stat. 1967, ch. 110, § 50(6); *Athletic Ass'n of University v. Crawford*, 43 Ill.App.2d 52, 192 N.E.2d 556. The trial court could have vacated either order within 30 days, on a showing of good cause. *Gilmer v. Dunn*, 59 Ill.App.2d 202, 208 N.E.2d 85; *Trojan v. Marquette Nat. Bank*, 88 Ill.App.2d 428, 232 N.E.2d 160. Indeed, defendants do not question the vacature of the February 13, 1968 dismissal. It is concerning the order of November 15, 1965 that they contend the trial court committed error. They argue that plaintiff's petition to vacate has to be construed as one that invoked section 72 of the civil practice act, a provision they say was inapplicable because more than two years had passed when plaintiff filed his petition. Meeting this argument, plaintiff insists that the 1965 dismissal order was void because it was entered by a judge to whom the cause was not assigned.

■■ We need not decide whether the dismissal order of November 15, 1965 was void or only erroneous. When a court loses jurisdiction, after expiration of 30 days following a dismissal order, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction. The elements essential to revesting are (1) the active participation of the parties without objection and (2), further proceedings inconsistent with the prior order of dismissal. *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 97 N.E.2d 817.

■■ This being so, the appearance of the parties before the master after November 15, 1965 revested the trial court with jurisdiction despite the undisturbed dismissal order. As we held in *Stevens v. City of Chicago*, 119 Ill.App.2d 366, 256 N.E.2d 56, under circumstances similar to the case before us, the court was revested with jurisdiction by the conduct of the parties; therefore, it was not error to sustain plaintiff's petition to make clear that the cause was on the docket for disposition.

■■ Defendants also contend that the trial judge erred when he denied the petition for change of venue. We observe that the denial followed the order of October 29, 1968 which vacated the two dismissals and the one of April 7, 1959 which denied defendant's post-trial motion. Standing alone, denial of the petition for change of volume was not a final judgment. 4 C.J.S. Appeal & Error § 115a. No rule of our Supreme Court authorizes an appeal from an interlocutory order of this kind. This has been called to our attention by a motion to dismiss the appeal filed by the plaintiff. We took the motion with the case. We now sustain it as it pertains to the order denying the change of venue. See *McCowan v. Ellis*, 323 Ill.App. 291, 55 N.E.2d 554. Therefore, judgment as to the vacature of the two dismissals is affirmed; and the appeal as to the order denying the petition for change of venue is dismissed.

Affirmed in part, dismissed in part.

MURPHY and ADESKO, JJ., concur.