JOHN MARK ASUMENDI, Plaintiff-Appellant, *v.* LOU FORTMAN *et al.*, Defendants-Appellees.

Second District    No. 77-213

Opinion filed March 8, 1978.

Paul W. Casbarian, of Chicago, and O'Brien, Hanrahan, Wojcik & Conniff, of Woodstock, for appellant.

Gates W. Clancy and James S. Mills, both of Geneva, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiff appeals from an order of the trial court which denied his motion to reinstate an order of judgment by default, sustained the defendant's motion to strike the plaintiff's motion to amend his complaint, and dismissed the complaint.

The plaintiff sued the defendant for breach of contract. He alleged the defendant agreed to make certain repairs to plaintiff's Jeep and was paid for such repairs, but that the defendant did not make the repairs properly and after failing to get satisfaction from the defendant, the plaintiff finally had to have the same work done over again by another repair man. The plaintiff claimed $1,000 in damages due to the defendant's breach of contract.

The plaintiff filed a suit *pro se* for $1,000 damages in small claims court on August 25, 1975. On the return date, the defendant appeared in court and the matter was set for trial on December 1, 1975. On that date the plaintiff appeared in court with two witnesses, but the defendant failed to appear. The small claims court judge, Judge Anderson, entered a default judgment in the amount of $1,000, plus costs. The plaintiff notified the defendant of the default judgment against him.

On December 31, 1975 (30 days after the default judgment), the defendant appeared in court, after proper notice, and moved to vacate the judgment. In the absence of Judge Anderson, the judge who had granted the default judgment, the motion to vacate was argued before Judge Petersen and he denied the motion.

On January 16, 1976, the defendant gave notice of his intention to appear on January 27 and to present another motion to vacate the judgment. This motion alleged a meritorious defense and was presented before Judge Anderson. Plaintiff's counsel appeared on January 27, 1976, and filed an answer to defendant's motion entitled "Answer to Motion to Vacate Order of December 31, 1975, Denying Motion to Vacate Judgment," in which he asked the court to deny defendant's motion of January 27 to vacate the judgment. He did not contest the jurisdiction of Judge Anderson.

The matter was continued to February 10, 1976, and the next pleading in the record is an order by Judge Anderson dated March 3, 1976. This

order stated that the court had heard the arguments of counsel on the motion of the defendant to vacate the default judgment and that said motion was granted and the judgment vacated. Trial on the merits was set for June 10, 1976.

We must assume that the matter was continued on June 10, as the next document in the record is an order by Judge Anderson dated July 13, 1976, indicating that the defendant had filed a motion to dismiss the complaint, which motion was granted and the complaint was dismissed instanter, with leave to file an amended complaint within 28 days.

Next in the record is an order by Judge Anderson dated September 7, 1976, denying the plaintiff's motion for additional time to file an amended complaint and dismissing the complaint with prejudice. There next appears in the record a motion by the plaintiff, filed on October 6, 1976, explaining in detail all that had previously transpired, contending that all orders entered after December 31, 1975, were a nullity and asking the court to reinstate the default judgment of December 31, 1975, or "in the alternative" to vacate the order of September 7, 1976, and grant the plaintiff leave to file his amended complaint.

The next order in the record is the court's order of October 6, 1976, continuing the matter to January 19, 1977, for argument on the plaintiff's motion. On January 19, 1977, the defendant submitted a motion to the court, asking the court to strike and dismiss the plaintiff's motion of October 6, 1976, on the ground that the court's order of September 7, 1976, was a final appealable order, but that it had not been appealed within 30 days and therefore the court presently lacks jurisdiction to enter any further order in the case.

On January 19, 1977, the court denied the plaintiff's motion of October 6, 1976, granted the defendant's motion to strike and dismiss the plaintiff's motion of that date and ordered appeal bond to be set at $750.

The order of default judgment giving judgment in favor of the plaintiff for $1,000 and costs, dated December 1, 1975, was a final appealable order. It could have been appealed any time within 30 days. Within 30 days—on December 31, 1975—the defendant moved to vacate the default judgment and this was denied. The order denying the motion to vacate the judgment was also a final appealable order. Thus there was a final appealable order pending at the time the defendant moved again, on January 27, 1976, to vacate the default judgment. What did the plaintiff do at this point? On February 9, 1976, the plaintiff filed an answer to the motion of January 27, 1976, which contained seven paragraphs and did not deny the defendant's allegations concerning his meritorious defense and did not dispute the jurisdiction of the original judge to continue the case. It is true that there was a paragraph in the answer in which the plaintiff asserted, "[t]hat Defendant's present Motion only seeks to rehash

the matters presented before Judge Petersen on December 31, 1975, and is presented to this Court only for delay," however there was nothing in the previous record to indicate that Judge Petersen, who was the motion judge at the time, was informed of or considered any of the allegations regarding defendant's defense mentioned in his motion of January 27, 1976, so it is by no means certain that the motion of January 27, 1976, was a mere rehashing of the previous motion. Plaintiff's answer to the defendant's motion of January 27 did not contest jurisdiction on the basis, later advanced, that jurisdiction had been lost to Judge Anderson because more than 30 days had elapsed since his original default judgment.

Instead of standing on the jurisdictional question, the plaintiff, after the matter was continued, on March 3, 1976, participated in further arguments on defendant's motion to vacate the default judgment and at that time the judgment was vacated by Judge Anderson and the matter set for trial on the merits. After another continuance, the defendant on July 13, 1976, moved to dismiss the complaint, which motion was granted and the plaintiff was given 28 days to file an amended complaint.

The next action on this case is quite significant. The plaintiff failed to file an amended complaint within the 28 days allowed, but on September 7, about 54 days after the date of July 13, he appeared and moved for leave to file an amended complaint instanter. There is nothing in the record to suggest that the plaintiff at that time contested the jurisdiction of the court and logically we do not see how the plaintiff could move for leave to file an amended complaint instanter and not, by so doing, waive the jurisdictional question which he invoked in his later motion of October 6, 1976. Indeed, even the plaintiff's motion of October 6 first seeks reversal of the court's denial of the request to amend the complaint and only alternatively brings in the theory that Judge Anderson was without jurisdiction to issue his order of March 3, 1976, and subsequent orders.

• ■ The defendant contends there was a waiver of the jurisdictional question, if any such existed. The plaintiff, the defendant says, submitted to the jurisdiction of Judge Anderson several times after his ruling of January 27. On February 9 the plaintiff filed an answer to the motion to vacate the judgment, which attempted to justify the granting of the default judgment but did not raise the contention that Judge Anderson was without jurisdiction in the case. In fact, the affidavit of the witness, Donald Schmidt, filed with the answer, invited further consideration by Judge Anderson of the circumstances surrounding the default judgment— it in no way contested his jurisdiction. Judge Anderson's order of March 3, 1976, indicated that the parties appeared and argued the defendant's motion of January 27 on that date and there is no evidence that the jurisdictional question was raised. The default judgment was vacated on

March 3, 1976, and the case set for trial on June 10, 1976. When the defendant presented his motion of July 13, 1976, to dismiss the complaint, which the court granted, the court gave the plaintiff leave to file an amended complaint within 28 days and no jurisdictional question was raised but the plaintiff appeared before Judge Anderson on September 7, 1976, with a proposed amended complaint and asked for leave to file it instanter. In seeking leave of Judge Anderson to file the amended complaint we think the plaintiff again waived the contention as to jurisdiction he raises in this appeal. In his motion dated October 6, 1976, the plaintiff contends "in the alternative," that "all orders coming after the order of December 31, 1975, are a nullity as a matter of law as the order of the Honorable Judge Petersen entered December 31, 1975, was never vacated." By designating Judge Anderson's order of March 3, 1976, as a "void" order, plaintiff attempts to get around the doctrine of waiver as established by the Illinois cases. But, an order is "void" in the sense contended for by the plaintiff only where the court lacked jurisdiction of the subject matter, although a particular matter may be void if issued without jurisdiction, due to expiration of time (see *Spears v. Spears* (1977), 52 Ill. App. 3d 695), and before revesting of jurisdiction. Lack of jurisdiction of the parties and lack of jurisdiction by passage of time may be waived by the parties. *Carbrey v. Carbrey* (1969), 108 Ill. App. 2d 363; compare *Hild v. Avland Development Co.* (1977), 46 Ill. App. 3d 173; *Mullaney, Wells & Co. v. Savage* (1975), 31 Ill. App. 3d 343.

■■ The plaintiff himself did not treat the orders of Judge Anderson coming after Judge Petersen's order of December 31, 1975, as a nullity. He responded in pleadings and arguments to such orders and presented a motion to Judge Anderson for an extension of time to comply with Judge Anderson's order of July 13, 1976. Where jurisdiction has been lost by the passage of time, it is only a technical objection, and is not preserved if the parties voluntarily participate in further proceedings before the court in question, as the plaintiff did here. This principle established by our supreme court in *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, has been followed in several subsequent appellate court decisions. See *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366; *Stark v. Ralph F. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379; *Elder v. Robins* (1972), 7 Ill. App. 3d 657.

In the *Ridgely* case, the court said:

> "Although, in the case at bar, no order was entered vacating the final order of April 17, this fact is immaterial. Since the court had no jurisdiction to entertain a motion to vacate a final order filed more than thirty days after the rendition of the order, it is manifest that it could not reacquire jurisdiction simply by sustaining

a motion to vacate. The elements essential to revesting the court with jurisdiction are (1) the active participation by the parties without objection (2) in further proceedings inconsistent with the prior order of dismissal. As all further proceedings upon the merits of a previously dismissed action are inconsistent with a prior order dismissing the action, it follows that any further proceeding upon the merits of a cause operates to nullify the order of dismissal. The hearing on defendants' motion of July 6 was, therefore, sufficient to nullify the order of April 17. Consequently, the part of the order of July 20 adjudging that defendants take nothing by their first amended counterclaim and assessing costs against them was not a mere paraphrased repetition of the order of April 17 having no legal effect, but a true final order dismissing the action. The appeal being taken from the order of July 20, the question of the sufficiency of the first amended counterclaim is thus properly before us." 409 Ill. 46, 50.

■■ The jurisdictional question belatedly raised by the plaintiff here was one that could be waived by the parties and in the light of the *Ridgely* case we think it was so waived. While the court lacked jurisdiction by passage of time, it did not lack the *power* to consider the case, since it had jurisdiction of the subject matter. This lack of jurisdiction could be overcome by the conduct of the parties in appearing before the court, by responsive pleadings and argument. The plaintiff having done so, it is now too late for him to "discover" that the orders adverse to him were void and a nullity.

At the oral argument, the plaintiff cited this court's decision in *Spears v. Spears* (1977), 52 Ill. App. 3d 695, where we held that a decree void for lack of jurisdiction by the passage of time could not be restored to life by a later participation by the parties in proceedings in the same cause before the same judge. However, there is a difference between *Spears* and the present case in that in the present case the final appealable orders of Judge Anderson, which the plaintiff objects to (the orders of March 3, and September 7, 1976), were issued after the parties had revested the court with jurisdiction, whereas in the *Spears'* case, the jurisdictionally too-late decree was entered first and long afterward the parties appeared and participated in the proceedings, which were claimed to have revested the court with jurisdiction. The *Spears'* decree having been entered after the court lost the power to enter a decree, was actually void—not as in the present case—where the parties pleaded and appeared and argued within the 30 days following the last appealable order, that of Judge Petersen, dated December 31, 1975. We think this is a valid distinction between the two cases.

We find the court in this cause had jurisdiction and since the plaintiff did not file his amended complaint within 28 days, it was within the discretion of the trial court to dismiss the cause of action.

The judgment of the circuit court of Kane County is affirmed.

Judgment affirmed.

NASH and WOODWARD, JJ., concur.