CHARLES A. JOHNSON, Plaintiff-Appellee, *v.* EMPIRE MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)  No. 77-1955

Opinion filed April 6, 1979.

Jonas, Schey and Associates, of Chicago (Robert Handelsman, of counsel), for appellants.

John J. Lowrey, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal an order vacating a prior dismissal and setting the case for immediate trial. They present issues as to whether the trial court had jurisdiction to enter the order and, if so, whether it erred in granting the relief requested.

Because of the view we take of this matter, the allegations of plaintiff's second amended complaint will not be set forth in detail. It will suffice to state that he sought damages for an alleged breach of contract by the defendant insurance companies and for an alleged libel by defendant Brill, an employee of defendant Empire Mutual Insurance Company.

It appears that after certain preliminary matters were attended by the trial court, the case was eventually set for trial on January 10, 1977, and continued from day to day until January 13, when an order dismissing the case was entered because plaintiff's counsel had informed the court that plaintiff would not proceed to trial. Thereafter, the record discloses that the following pertinent orders were entered during 1977:

Feb. 4    On plaintiff's pro se motion, the January 13 dismissal order was vacated.

Feb. 7    Plaintiff's attorney was granted leave to withdraw his appearance.

Feb. 14   Order setting the case for trial on February 18.

Feb. 18   Order dismissing the case after plaintiff appeared pro se and informed the court that he was not ready for trial.

Mar. 17   Order continuing to April 5 a pro se motion of plaintiff to vacate the dismissal order of 2-18. The order also directed plaintiff to be ready for trial on 4-5, with or without counsel.

May 18    Order denying the motion of plaintiff to vacate the dismissal order of 2-18.

July 28   Order denying the pro se motion of plaintiff to vacate all prior dismissal orders and to reinstate the case.

Sept. 29  Order denying motions of plaintiff for change of venue and to vacate all prior dismissal orders.

Oct. 28   Order continuing motion of plaintiff for change of venue to 11-3 and setting the case for trial on that day.

Nov. 4    The order appealed from which vacated the 2-18 dismissal order and set the case for immediate trial.

OPINION

Defendants first contend that the trial court lacked jurisdiction to enter the order of November 4, 1977.

■■ We initially note that a final and appealable order was entered on May 18, 1977, when the trial court denied plaintiff's motion to vacate the dismissal order of February 18, 1977. (See *Department of Transportation v. Schien* (1977), 50 Ill. App. 3d 73, 365 N.E.2d 702, *aff'd* (1978), 72 Ill. 2d 287, 381 N.E.2d 241; *Trojan v. Marquette National Bank* (1967), 88 Ill.

App. 2d 428, 232 N.E.2d 160.) Relief from such a final order after the passage of 30 days is governed by the provisions of section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.)[1] However, apart from the relief provided in section 72, it is well established that where jurisdiction is lost by the expiration of 30 days following the dismissal of an action, the voluntary appearance and participation of the parties in further proceedings may revest the trial court with personal and subject matter jurisdiction. (*Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; *Stark v. Ralph F. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379, 266 N.E.2d 439.) Essential to such revesting is the active participation of the parties without objection in further proceedings which are inconsistent with the prior order of dismissal. (*Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 374 N.E.2d 20.) Therefore, where the party in whose favor the prior dismissal was entered subsequently addresses the merits of the cause without objection, his actions operate to nullify the order of dismissal. *Ridgely v. Central Pipe Line Co.*; *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 256 N.E.2d 56.

In the instant case, the trial court entered its dismissal on October 18, and defendants were successful in resisting the motion of plaintiff to vacate which was denied on May 18. Subsequently, on July 28, September 29, and October 28, plaintiff again moved to vacate the dismissal, and defendants appeared and participated in the hearings on all three motions, each of which was denied.

There is no transcript of the July 28 hearing, but from the order entered on that date it appears that no objection was made to the motion and that no question as to jurisdiction was raised. The transcript of September 29 also discloses that no objection was made and that a jurisdictional question was not raised by defendants, even though the court discussed with plaintiff whether he was ready to proceed to trial on the counts of his complaint which had not been previously stricken. Furthermore, the September 29 order was prepared and submitted by the attorneys for defendants to the court for its approval and signature. The transcript of the October 28 hearing reveals that plaintiff announced his readiness for trial on the remaining counts—after which the following colloquy took place:

"THE COURT: When do you want to go to trial?

MR. JOHNSON: As soon as you can set it out to a judge and give us a date, we are ready for trial.

THE COURT: All right. We will do this: we will get the parties ready next Thursday morning at ten o'clock. This is entered and continued for ten o'clock. And at that point get everybody in. We

---

[1] Section 24(a) of chapter 83 (Ill. Rev. Stat. 1977, ch. 83, par. 24(a)), which provides one year to refile after certain types of dismissal, is not involved in this appeal.

will send you out for a jury trial. I will then consider the question of vacating, and I will send you out. Bring in all your witnesses Thursday morning at ten o'clock."

At this point, defendants' counsel orally stated that if the court vacated the dismissal order, defendants would ask leave to file a special and affirmative defense; however, when the court then stated it had not as yet vacated the dismissal, defendants withdrew the request following which the court informed plaintiff that his case would proceed to trial on November 3 at 10 a.m. No objection was made or jurisdictional question raised at this hearing.

There is no transcript of events taking place on November 3, but the November 4 transcript reveals that when plaintiff announced he was ready for trial, defendants for the first time raised a jurisdictional question in the following statement:

"There has never been before the Court, any type of petition or proper motion which would vacate any order that this Court entered on February 18th of this year. There has never been an affidavit in support. There has never been a petition in accordance with Section 72 of the Civil Practice Act and I would contend at this point that the Court has absolutely no jurisdiction to hear any motion to assign this cause for trial."

The court considered this to be a motion contesting its jurisdiction, and it was denied.

■ In view of the above stated voluntary and active participation by defendants in the proceedings on July 28, September 29 and October 28, without objecting or raising any jurisdictional question, we find that the trial court was revested with jurisdiction. (*Stark v. Ralph F. Roussey & Associates*; *Asumendi v. Fortman*; *Stevens v. City of Chicago*.) The conduct of defendants, in our opinion, demonstrates that contrary to their position in this court they did not view the order of dismissal as being final and binding. Moreover, the record also discloses that they addressed the merits of the matter when, on October 28, they requested leave to amend their answer to include an additional affirmative defense and obtained a ruling from the trial court in this regard. Such action also was inconsistent with and operated to nullify the prior order of dismissal. (*Ridgely v. Central Pipe Line Co.*) In the light thereof, we reject defendants' contention that the trial court lacked jurisdiction to enter the order appealed from.

We turn now to the alternative contention of defendants that, in the event we found against them on the jurisdictional question, the trial court erred in vacating the dismissal and setting the case for trial. Their position is that because no action was taken within 30 days after the May 18 order, the only basis on which the court could have granted the relief requested

was to treat the motions to vacate of July 28, September 29, and October 28, as section 72 petitions. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) They assert that because these motions did not meet the requirements of section 72, they do not support the relief granted by the trial court.

This same argument was made and rejected in *Stevens v. City of Chicago*, with the court stating:

> "This argument presupposes that the only way the trial court could have reacquired jurisdiction was by a section 72 petition. It overlooks the conduct of the parties and the procedural history of this case after the pretrial judge entered the order of July 14, 1966. The rule is settled that where a court loses jurisdiction, after expiration of thirty days following entry of an order dismissing an action, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction over their persons and the subject matter of the action." 119 Ill. App. 2d 366, 372, 256 N.E.2d 56, 58.

In the instant case, as the court did in *Stevens v. City of Chicago*, we reject defendants' contention that relief was improperly granted because there was no petition meeting the requirements of section 72. While we agree with defendants that the motions of plaintiff did not satisfy those requirements, it does not appear from the record that the court treated the motions as requesting relief under section 72 or that, in vacating the dismissal and setting the case for trial, it was granting relief under that section.

At this juncture, it should be noted that plaintiff questions the jurisdiction of this court to consider the propriety of the trial court's order. In this regard, defendants acknowledge the interlocutory nature of an order vacating a prior dismissal and setting the cause for trial (*Harty v. Kirby* (1975), 26 Ill. App. 3d 688, 325 N.E.2d 406; *Williams v. Morton* (1967), 80 Ill. App. 2d 442, 225 N.E.2d 671), but contend that inasmuch as the trial court in rendering such order here granted section 72 relief, its order is appealable (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)). Having found that the order did not grant section 72 relief, we conclude that we are without jurisdiction to consider the propriety of the order. Ill. Rev. Stat. 1977, ch. 110A, pars. 301, 307.

For the reasons stated, the appeal is dismissed.

Dismissed.

LORENZ and MEJDA, JJ., concur.