PEGGY J. FAUST, Adm'r To Collect of the Estate of Joyce Pettis, Deceased, Plaintiff-Appellant, *v.* MICHAEL REESE HOSPITAL & MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-1654

Opinion filed December 5, 1979.—Rehearing denied January 7, 1980.

Howard W. Minn and Kenneth A. Green, both of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Robert B. Austin, Hugh C. Griffin, and Norman J. Lerum, II, of counsel), for appellee Michael Reese Hospital & Medical Center.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

This is the third appeal in this medical malpractice wrongful death case, and the merits still lie ahead.

Peggy Faust sued Michael Reese Hospital and two doctors. Defendant Dr. Marlene Goodfriend eventually moved to dismiss the

complaint against her for failure of diligent service. This motion was allowed, and the plaintiff took an appeal ("the Goodfriend appeal"). The other defendants (the appellees here) remained before the circuit court.

The plaintiff then moved for a change of venue, which the circuit court denied on the ground that the Goodfriend dismissal was a ruling on a substantial issue. This order, like the Goodfriend dismissal, contained a Rule 304(a) finding that it was final and appealable (73 Ill. 2d R. 304(a)). The plaintiff promptly filed a notice of appeal ("the venue appeal").

While both appeals were pending in this court, the circuit court called a pretrial conference. When the plaintiff did not appear, her case was dismissed for want of prosecution. It is the effect of that dismissal ("the dismissal order") that the plaintiff now seeks to avoid. For a long time, however, she ignored the order. She did not within 30 days appeal it or move under section 50(5) of the Civil Practice Act to set it aside (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)); nor did she file a new suit within one year, as allowed by the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a).

She did pursue the Goodfriend and venue appeals. Upon her motion, they were consolidated in this court. She filed a brief. The appellees requested and were allowed several extensions of time to file their briefs. Eventually, the appellees in the venue appeal moved to dismiss that appeal on the ground that, notwithstanding a Rule 304(a) finding, the denial of a change of venue is not a final or appealable order. On December 23, 1977, this court agreed, and dismissed the venue appeal. The Goodfriend appeal proceeded, and on May 17, 1978, the judgment was affirmed (*Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 377 N.E.2d 1040). The plaintiff petitioned for rehearing and for leave to appeal to the supreme court, both of which were denied, though this court modified its opinion on denial of rehearing.

On July 6, 1978, one day before rehearing was denied in the Goodfriend appeal, and about 2 weeks before this court's mandate in the venue appeal finally issued, the plaintiff returned to the circuit court and moved to vacate the dismissal order entered 13 months before. The circuit court refused, and the plaintiff appeals.

The plaintiff has not pleaded, and probably could not prove, the diligence usually required for a section 72 petition. Rather, she argues that the dismissal order was void, because the circuit court was without jurisdiction once her two appeals removed jurisdiction to the appellate court. The defendants respond that since the venue order was not appealable, the plaintiff's notice of appeal from that order did not divest the circuit court of jurisdiction.

It is unnecessary, however, to decide whether the dismissal order was

valid. We hold that the appellees, by participating in the venue appeal, have waived any previous dismissal and revested the courts with jurisdiction to hear the merits of the case.

■■ As a general rule, the circuit court may not review its judgments after 30 days. But even thereafter, a court of general jurisdiction has inherent power to alter, modify, or set aside its judgment with the consent of the parties. (*Krotke v. Chicago, Rhode Island & Pacific R.R. Co.* (1974), 26 Ill. App. 3d 493, 496, 327 N.E.2d 212.) The reason is that when parties are before the court, the test of jurisdiction is not adherence to the letter of the Civil Practice Act, but whether the court had before it a justiciable matter (*Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 372, 256 N.E.2d 56). Consent need not be express, but may be implied by conduct. (*Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 620, 394 N.E.2d 527.) A court that loses jurisdiction by passage of time does not lack the *power* to consider the case, since it has jurisdiction of the subject matter; the loss of jurisdiction can therefore be overcome by the conduct of the parties. (*Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 191, 374 N.E.2d 20.) Loss of jurisdiction by passage of time is only a technical objection, and is waived by voluntary participation by the parties in further proceedings before the court. *Asumendi*, 58 Ill. App. 3d 186, 190.

■■ The well-established rule is that where a court loses jurisdiction because 30 days have passed after a dismissal, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction. The elements essential to revesting are (1) active participation by the parties without objection (2) in further proceedings inconsistent with the prior order of dismissal. *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 49-50, 97 N.E.2d 817; *Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 620, 394 N.E.2d 527.

■■ In this case, all parties ignored the dismissal order and proceeded with the two appeals as if the dismissal order had never happened. No one ever suggested to this court that the venue appeal was moot, or even mentioned the dismissal order to us. The appellees voluntarily participated in a proceeding in this court that was inconsistent with the prior dismissal—it being obviously senseless to argue about what judge will hear a case unless there is a case to hear. The defendants' conduct demonstrates that, contrary to their present position, they did not view the dismissal order as final and binding (*Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 783, 388 N.E.2d 1042). The appellees have thereby waived their right to insist on the dismissal. *Stevens*, 119 Ill. App. 2d 366, 373.

■■ It is unimportant that the inconsistent further proceedings took place in the appellate court rather than the circuit court. The conduct of the parties is the important thing. (*Stevens*, 119 Ill. App. 2d 366, 372.) The

revesting doctrine extends to proceedings before a master (*Stark v. Ralph F. Roussey & Associates* (1970), 131 Ill. App. 2d 379, 266 N.E.2d 439); and we believe it applies in this case. Nor does it matter that the circuit court has not yet exercised its renewed jurisdiction. Jurisdiction has been held reestablished when the only order entered has been to set a trial date (*Johnson*), or to dismiss the case once more (*Ridgely*).

The order of dismissal for want of prosecution was obviously improper. It was unreasonable for the circuit court judge to conclude that the plaintiff, by failing to appear at a pretrial conference, was thereby abandoning her case, when the record disclosed that at the time she was diligently prosecuting two appeals. It was unfair to punish the plaintiff for believing the circuit court when it told her its venue order was appealable. The order was also unfair to Dr. Goodfriend. Since the circuit court had already dismissed the suit against her and had lost jurisdiction to the appellate court, the dismissal for want of prosecution did not run to her benefit. Thus, if the judgment for her had been reversed on appeal, Goodfriend would have found herself the only defendant in the case.

Both sides must have seen all this, even though the circuit court judge apparently did not, and the parties sensibly, though incautiously, ignored the dismissal order as the plain mistake it was while they continued to pursue their controversy in this court. Though we cannot applaud the plaintiff's laxity in failing to vacate the dismissal formally, the revesting doctrine is a useful and equitable safety net for parties who engage in this sort of self-help. The rule allows parties, by tacit consent, to regard as undone that which ought not have been done, without fear that an opponent may later resurrect the dead order.

We hold that by their conduct in this court in the venue appeal, the appellees have waived standing on their judgment and have revested the circuit court with jurisdiction over the merits of the case. The plaintiff's petition to vacate the dismissal order was not strictly necessary, but vacation is desirable to clarify the record. (*Stevens*, 119 Ill. App. 2d 366, 373.) The order denying that vacation is reversed, and the case is remanded to the circuit court with instructions to set aside the dismissal and proceed with the original case.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.