682 N.E.2d 432 (1997)
289 Ill. App.3d 790
224 Ill.Dec. 871
Zenon HARCHUT, Individually and as Father and Next Friend of Anna Harchut, a minor, Plaintiff-Appellee,
v.
OCE/BRUNING, INC., an Illinois corporation, and Ronald Butterman, Defendants-Appellants.
No. 1-96-2222.
Appellate Court of Illinois, First District, Second Division.
June 30, 1997.
*434 Gregory G. Vacala, Chicago, for Defendants-Appellants.
Jack A. Hertz, David A. Novoselsky, and Margarita T. Kulys, Chicago, for Plaintiff-Appellee.
Justice TULLY delivered the opinion of the court:
Defendants, OCE/Bruning, Inc. and Ronald Butterman, appeal from an order of the circuit court of Cook County entered May 23, 1996, which vacated its prior order of September 12, 1994, dismissing for want of prosecution the negligence action of plaintiff, Zenon Harchut, individually and as father and next friend of his minor-daughter Anna Harchut. Defendants contend that this court has jurisdiction over this matter pursuant to Supreme Court Rule 304(b) (134 Ill.2d R. 304(b)).

FACTUAL BACKGROUND
On March 17, 1994, plaintiff filed his complaint against defendants, for injuries he and his daughter sustained when a vehicle owned by OCE/Bruning, Inc., and operated by Butterman collided with plaintiff's vehicle. Plaintiff's daughter was a passenger in his vehicle at the time of the accident.
On September 12, 1994, the matter came up on the circuit court's progress call and was dismissed for want of prosecution when plaintiff's counsel failed to appear. Plaintiff's counsel did not receive notice of the progress call as the clerk of the circuit court erroneously sent notice of it to another law firm. In fact, a new associate of law firm representing plaintiff was in the courtroom for the progress call on two other cases being handled by firm. However, as the attorney was not yet familiar with the firm's case inventory he did know to step up on the Harchut case.
On September 27, 1994, defendants' insurance carrier attended a settlement conference with plaintiff's counsel.
On November 10, 1994, defendants initiated written discovery to plaintiff.
In May 1995, plaintiff sent written discovery to defendants. Defendants filed no objections to this discovery, nor did they assert the case was dismissed and no longer active.
On December 7, 1995, defense counsel advised plaintiff's attorney that he had closed his file on the case based upon the dismissal entered on September 12, 1994. This was the first time plaintiff's counsel had heard of the dismissal.
On January 29, 1996, plaintiff filed a motion to vacate the dismissal based solely upon the doctrine of revestment. In that motion, plaintiff argued that defendants had acted inconsistently with the dismissal and had revested the circuit court with jurisdiction.
*435 Defendants filed a special and limited appearance pursuant to section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 1994)) and a motion to quash plaintiff's motion to vacate pursuant to the special and limited appearance. In their motion defendants argued that plaintiff's motion was really a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1994)). Alternatively, defendants argued that the circuit court had not been revested with jurisdiction by defendants' actions.
On May 23, 1996, the circuit court denied defendants' motion to quash and granted plaintiff's motion to vacate the dismissal.
The instant appeal followed.
Initially, we note that the parties to this appeal have both thoroughly briefed the issue of whether the circuit court had jurisdiction over this case under the revestment doctrine. However, neither side has discussed whether this case is properly before the appellate court, aside from defendants' assertion of jurisdiction under Supreme Court Rule 304(b)(3) in the statement of jurisdiction at the beginning of their opening brief. After considering the latter question, which this court may do sua sponte (Gentile v. Hansen, 131 Ill.App.3d 250, 254, 86 Ill.Dec. 515, 475 N.E.2d 894 (1984)), we find that this court does not have jurisdiction over the propriety of the circuit court's entry of the order vacating the motion to dismiss as the order is interlocutory in nature. Interestingly, we must decide at least part of one of the issues raised by defendants in order to reach this holding, whether the circuit court erred in not considering plaintiff's motion to dismiss as section 2-1401 petition for relief.

OPINION
The circuit court generally retains jurisdiction over an action until all issues of fact and law have been finally determined and a final judgment has been entered thereon. Whitley v. Lutheran Hospital, 73 Ill. App.3d 763, 766, 30 Ill.Dec. 74, 392 N.E.2d 729 (1979). Once a final order has been entered, the circuit court retains residual jurisdiction for 30 days. 735 ILCS 5/2-1203(a) (West 1994). Relief may be obtained from the final order after the expiration of this 30-day period through the filing of a motion under section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 1994). A section 2-1401 motion is deemed a new action rather than a continuation of the original action in which a final judgment was rendered. 735 ILCS 5/2-1401(b) (West 1994). An order granting or denying any relief prayed in a petition under section 2-1401 is appealable under Supreme Court Rule 304(b)(3). 134 Ill.2d R. 304(b)(3).
Once the circuit court loses jurisdiction through the passage of 30 days after the entry of its judgment, it may nevertheless be subsequently revested with jurisdiction over the cause under the doctrine of revestment. Gentile, 131 Ill.App.3d at 254, 86 Ill.Dec. 515, 475 N.E.2d 894. The doctrine of revestment applies, inter alia, to actions which are dismissed for want of prosecution. A.A. Store Fixtures Co. v. Shopiro, 272 Ill.App.3d 959, 966, 209 Ill.Dec. 347, 651 N.E.2d 525 (1995); Slavick v. Michael Reese Hospital & Medical Center, 92 Ill.App.3d 161, 47 Ill.Dec. 747, 415 N.E.2d 1060 (1980). In order for this doctrine to apply, "the litigants must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." People v. Kaeding, 98 Ill.2d 237, 241, 74 Ill.Dec. 509, 456 N.E.2d 11 (1983); accord Elmore v. Elmore, 219 Ill.App.3d 61, 64, 162 Ill.Dec. 656, 580 N.E.2d 619 (1991). In so doing, the litigants revest the circuit court, which has general jurisdiction over the matter, with both personal and subject matter jurisdiction over the cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed. Gentile, 131 Ill.App.3d at 254, 86 Ill.Dec. 515, 475 N.E.2d 894; see also Kaeding, 98 Ill.2d at 240, 74 Ill.Dec. 509, 456 N.E.2d 11.
"Conduct which is inconsistent with the dismissal order is any which can be reasonably construed as an indication that the parties do not view the order as final and binding." Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894. Once the circuit court has been revested with jurisdiction, the litigant who would benefit from the *436 dismissal order, by appearing before the court without questioning its jurisdiction, has waived his right to later argue the validity and enforceability of the order. Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894 citing Kaeding, 98 Ill.2d at 241, 74 Ill. Dec. 509, 456 N.E.2d 11; Asumendi v. Fortman, 58 Ill.App.3d 186, 190, 15 Ill.Dec. 727, 374 N.E.2d 20 (1978); Stevens v. City of Chicago, 119 Ill.App.2d 366, 372-73, 256 N.E.2d 56 (1970). "Moreover, `[a]s all further proceedings upon the merits of a previously dismissed action are inconsistent with a prior order dismissing the action, it follows that any further proceedings upon the merits of a cause operates to nullify the order of dismissal.'" Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894 quoting Ridgely v. Central Pipe Line Co., 409 Ill. 46, 50, 97 N.E.2d 817 (1951); accord Slavick, 92 Ill.App.3d at 166, 47 Ill.Dec. 747, 415 N.E.2d 1060; Johnson v. Empire Mutual Insurance Co., 70 Ill.App.3d 780, 782, 27 Ill.Dec. 79, 388 N.E.2d 1042 (1979). Accordingly, a petition to vacate a dismissal order, while desirable to clarify the record, is not strictly necessary. A.A. Store Fixtures Co., 272 Ill.App.3d at 959, 209 Ill.Dec. 347, 651 N.E.2d 525; Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894; Faust v. Michael Reese Hospital & Medical Center, 79 Ill.App.3d 69, 73, 34 Ill.Dec. 612, 398 N.E.2d 287 (1979); Stevens v. City of Chicago, 119 Ill.App.2d 366, 373, 256 N.E.2d 56 (1970). The granting of such a motion to vacate is not a final order and, therefore, an inappropriate basis for appellate jurisdiction. Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894; Johnson, 70 Ill.App.3d at 784, 27 Ill.Dec. 79, 388 N.E.2d 1042.
In the instant case, defendants urge that the circuit court erred in not denying plaintiff's motion to dismiss as it was in reality a section 2-1401 petition that did not warrant relief under section 2-1401. This assumption is fatal to their argument.
Defendants argue that once a final judgment has been entered and 30 days have elapsed, the circuit court lacks jurisdiction to reconsider that judgment except through a section 2-1401 petition. Thus, according to defendants, plaintiff's motion must be a section 2-1401 irrespective of how plaintiff styled it or the fact that it discussed only the applicability of the revestment doctrine to the action and did not ever mention section 2-1401 or relief thereunder.
We take no quarrel with the proposition that "[o]nce a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal, or in one of the traditional collateral proceedings now defined by statute." Malone v. Cosentino, 99 Ill.2d 29, 32-33, 75 Ill.Dec. 401, 457 N.E.2d 395 (1983); see generally 735 ILCS 5/2-1401 (West 1994) (relief from judgments); 735 ILCS 5/10-101 to 10-137 (West 1994) (habeas corpus); 725 ILCS 5/122-1 to 122-7 (West 1994) (post-conviction hearing). However, defendants' argument misapprehends both section 2-1401 and the revestment doctrine, as well as the different nature of a new case which proceeds after the granting of a section 2-1401 petition from a continuing case which proceeds after being revested with jurisdiction.
As we discussed supra, a section 2-1401 proceeding is a new action, separate and apart from the proceeding in which the judgment complained of was entered. 735 ILCS 5/2-1401(b) (West 1994). The granting of a section 2-1401 petition is a discretionary act by the circuit court. See Tsuetaki v. Novicky, 158 Ill.App.3d 505, 511, 109 Ill.Dec. 180, 509 N.E.2d 1019 (1983). In contrast, application of the revestment doctrine occurs because the litigants themselves revest the circuit court with jurisdiction. Kaeding, 98 Ill.2d at 240, 74 Ill.Dec. 509, 456 N.E.2d 11. Moreover, a case with revested jurisdiction is simply a continuation of the original action in which the final judgment was voided by the litigants through their own actions, not by the circuit court's discretionary act. Thus, plaintiff's motion to vacate was "not strictly necessary although it [was] desirable to clarify the record * * * ." Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894; accord A.A. Store Fixtures Co., 272 Ill.App.3d at 966, 209 Ill.Dec. 347, 651 N.E.2d 525. The circuit court's granting of the motion merely lent its imprimatur to an act which it determined had already occurred without its action or consent. Therefore, the circuit court *437 in granting plaintiff's motion did not act outside the comprehensive statutory procedure embodied in section 2-1401 by which final orders, judgments and decrees may be vacated after 30 days from the entry thereof.
Now that we have demonstrated that plaintiff's motion was not and did not need to be a section 2-1401 petition, we turn to the question of whether this court has jurisdiction over the matter. As this court held in Gentile, the granting of a petition to vacate a dismissal under the revestment doctrine "is not a final order and thus an inappropriate basis for appellate jurisdiction." Gentile, 131 Ill.App.3d at 255, 86 Ill.Dec. 515, 475 N.E.2d 894; accord Johnson, 70 Ill. App.3d at 784, 27 Ill.Dec. 79, 388 N.E.2d 1042. The basis for this conclusion is that an order granting the petition is not a final order under Supreme Court Rule 301 (134 Ill.2d R. 301); rather, the order is interlocutory in nature and consequently governed by Supreme Court Rule 307, governing interlocutory appeals as of right, and Supreme Court Rule 308, governing interlocutory appeals by permission. 134 Ill.2d Rules 301, 307, 308; Johnson, 70 Ill.App.3d at 784, 27 Ill.Dec. 79, 388 N.E.2d 1042. As Rule 307 has no provision for this type of interlocutory appeal and there was no request for permission to appeal made in the circuit court under Rule 308, this court necessarily lacks jurisdiction and the appeal must be dismissed. 134 Ill.2d Rules 307, 308.
In light of the foregoing, the appeal is dismissed for lack of appellate jurisdiction.
Appeal dismissed.
RAKOWSKI and McNULTY, JJ., concur.