PAMELA KAY OSBORN, Plaintiff-Appellant, v. ROGER LEON OSBORN, Defendant-Appellee.

(No. 73-315;

Fifth District—June 27, 1974.

398

Robert L. Douglas, of Robinson, for appellant.

Harlan Heller, of Mattoon, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the plaintiff-appellant, Pamela Kay Osborn, from an order of the Circuit Court of Crawford County, which modified the alimony and monthly support payments that were entered pursuant to the divorce decree of November 29, 1971.

According to the original decree, the defendant-appellee, Roger Leon Osborn, was ordered to pay $225 per month child support to be increased to $275 per month at the birth of the second child, as well as $50 per month alimony. Due to the continued arrearage of the defendant, an order was entered after a hearing on June 21, 1972, reducing the child support to $200 per month and suspending the alimony for 1 year. The order further stated that "the. cause was continued for one year for a review thereof and at the said time, the terms of this order shall be terminated, unless this decree is further modified or changed pursuant to an order entered by this court." The order of June 21, 1972, also awarded attorney's fees in the amount of $200 to the attorney for the plaintiff-appellant.

On July 17, 1973, after a hearing, the circuit court entered an order

permanently modifying the divorce decree, reducing the child support to $175 per month plus $50 per month for alimony. The order also treated the question of visitation rights of the appellee. The plaintiff-appellant claims the court erred in reducing child support without any substantial change in the circumstances of the parties. The plaintiff-appellant also claims that the court's denial of her request for payment of her attorney's fees was error.

■■■ Trial courts cannot alter or change decrees involving alimony or support money unless there are substantial changes in the financial conditions and circumstances of the parties. The appellate courts have not set out all of the changes and conditions that would warrant a reduction or an increase in support payments. The courts have, however, indicated what changes should not be considered by a trial court. In *Loucks v. Loucks*, 130 Ill.App.2d 961, the trial court held that financial problems resulting from a subsequent remarriage and voluntarily acquired pieces of property should not be the factors to justify a reduction in child support payments and alimony. The court stated at page 964:

> "His responsibility for the support of his * * * children, as decreed, outweighs the evidence he has produced in an attempt to show a material change of circumstances required by the cases to entitle defendant to the relief he seeks."

There are other cases, *Gregory v. Gregory*, 52 Ill.App.2d 262; *Stewart v. Stewart*, 1 Ill.App.2d 283; *Zug v. Zug*, 81 Ill.App.2d 298, which conclusively support the proposition that trial courts cannot alter or change decrees involving alimony or support money unless there are substantial changes in the financial conditions and circumstances of the parties.

In each of the above mentioned cases, the ex-husband and the father of the children had remarried and was seeking modification of the original decree. This is the same factual situation in the present case. Appellee has remarried and frequently mentioned in his testimony the financial obligations of supporting his present wife. The appellee cites the case of *Saxon v. Saxon*, 24 Ill.App.2d 116, for the proposition that "in the absence of a transcript of the June 21, 1972 hearing this court should presume the evidence supported the court's finding of changed circumstances." The record in the present case includes a complete transcript of the hearing on July 17, 1973. This hearing accurately described the financial condition of the litigants upon which a review could be made. In the *Saxon* case the order was based on evidence "heard by the trial court but not presented" to the appellate court.

■■ The July 17 hearing was the result of an order entered on July 13, 1972, by the Circuit Court of Crawford County. The order of July 13, 1972, followed a hearing on a petition for reduction in child support

filed by appellee and a petition for a show cause order to hold appellee in contempt for failure to pay child support filed by appellant. The trial court reduced the child support payment for 2 years and completely suspended the alimony payments for 1 year. The court also found the appellee to be in arrears and ordered payment within 6 months. The attorney for appellee was awarded attorney's fee in the sum of $200. The order further stated that "the cause was continued for one year for a review thereof. And at the same time, the terms of this order shall be terminated, unless the decree is further modified or changed pursuant to an order entered by this court." This order of July 13, 1972, clearly indicates that the court had retained jurisdiction of the case as the July 17, 1973, hearing was the result of a continuance for one year from the hearing held on July 13, 1972. The temporary order of July 13, 1972, reads that the provision will be in effect for 1 year and "shall be terminated unless this decree is further modified". During the year's interval the appellee filed a petition to show cause concerning his rights of visitation with the children. In the July 17, 1973, hearing sufficient testimony was heard concerning the father's right of visitation with his children, and the trial court wisely provided in concise language for the terms of these visitation rights. That part of the order of July 17, 1973, is affirmed.

By the appellee's own admission, his earnings have been in the neighborhood of $10,000 to $11,000 a year for the last 3 years. In fact, he testified that his gross for the year 1972 was a "little over" $10,000. This is the year that the trial court gave him relief in his child support payments and suspended alimony payments of $50 per month for 1 year. Appellee was also a single person the latter part of the year 1972. His present hourly rate of pay is between $8 and $9. The appellant resides in a trailer home with her two children; the youngest is presently 17 months of age, and her only source of income is the support money for the children and her alimony. She is not able to seek employment because of the age of the youngest child.

The record does not support the trial court's modification of the original decree in its order of July 17, 1973. The appellee's contention that conditions and circumstances have changed supporting a reduction in payments is not supported by the evidence. If anything, appellee's financial condition might be termed better since the original decree was entered on November 29, 1971. His hourly pay has increased and he has been steadily employed. Appellee's figures show that it costs him and his present wife almost $8000 a year to live, and his income has always been between $10,000 and $11,000 a year. Also his present wife

works part-time. Thus, he can well be expected to pay the $3900 per year for his ex-wife and two children.

▄▄ The appellant was originally brought into court in 1972 on appellee's petition and her attorney was awarded $200 as a fee at the conclusion of that hearing. However, the hearing a year later was a continuation of the previous hearing plus a petition to show cause was filed in April, 1973, against the appellant concerning visitation rights. She had to be represented at the hearing on July 17, 1973, on two counts. The record also reveals that a hearing was conducted on March 21, 1972, and appellee was found to be in arrears at that time. This hearing was occasioned by appellee's petition to modify the decree, and there was no mention made at that time of attorney's fee for appellant's attorney. When it becomes necessary that a party employ counsel to come into court to enforce her rights under a decree of that court, she is entitled to be allowed her reasonable attorney's fees. (*Riddlesbarger v. Riddlesbarger*, 341 Ill.App. 107.) The appellant has no income or resources other than the payments made by appellee; therefore, her attorney's fees should be paid by appellee.

The judgment of the trial court in its order of July 17, 1973, is reversed and remanded with instructions to restore the terms of the original decree entered in this case on November 29, 1971. However, the original decree shall not apply for the period from July 13, 1972, to July 17, 1973, as the temporary court order entered on July 13, 1972, shall be in effect for that period. The provisions of the order of July 17, 1973, spelling out the conditions of the visitation rights of the appellee are affirmed. The paragraph of the order stating that each of the parties shall pay their own attorney's fees and costs is reversed. The trial court shall hear evidence and allow appellant a reasonable sum for her attorney's fees.

The order of the trial court of July 17, 1973, is reversed in part, affirmed in part and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.