MARGARET ELLEN HARTMAN, Plaintiff-Appellant, *v.* MICHAEL RAY HARTMAN, Defendant-Appellee.

Fourth District   No. 16348

Opinion filed November 7, 1980.

Frederic M. Grosser, of Grosser & Hays, of Champaign, for appellant.

George V. Eighmey, of Thomas, Mamer, Haughey & Miller, of Champaign, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The parties were divorced in 1975. The decree incorporated a property settlement agreement which waived alimony. The decree barred alimony, and it also granted wife child support in the amount of $1,000 per month. In 1977, the parties entered into a stipulation reducing the child support to $500 per month, and providing $500 per month as alimony. In 1978, husband presented the stipulation to the circuit court without notice to wife, and the decree was modified. In 1979, wife filed a petition to vacate the order allowing maintenance. The circuit court denied wife's petition, and appeal is taken from that order.

The modification proceedings were governed by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*) because the stipulation and modification order were filed October 10, 1978, which was after the effective date of the act. (Ill. Rev. Stat. 1979, ch. 40, par. 801.) Section 801(c) of the act is drawn from section 502(c) of the Uniform Marriage and Divorce Act (9A Uniform Laws Annotated §502(c)). The Commissioner's Note to section 502(c) states in part:

> "Thus, if a prior order for child custody, support, visitation, or maintenance would have been modifiable under the State's prior law, then those orders may be modified under this Act in accordance with the standards established by this Act. But if a prior judgment dividing marital property or awarding lump sum alimony would not have been modifiable under prior law, those judgments are not subject to reopening for change under this Act."

We conclude that section 801(c) requires that we look to the former divorce act (Ill. Rev. Stat. 1975, ch. 40, par. 19) to determine whether the decree could be modified to add an alimony provision. The former statute provided in part:

"[B]ut no such order subsequent to the decree may be made in any case in which the decree recites that there has been an express waiver of alimony or a money or property settlement in lieu of alimony or where the court by its decree has denied alimony."

■■■ It is clear that under this provision of the former divorce act, the trial judge had no authority to modify this decree by adding an alimony provision. The courts have discussed this want of authority in terms of subject matter jurisdiction. Orders entered by a court lacking subject matter jurisdiction are void, and can be attacked at any time. Subject matter jurisdiction cannot be conferred on a court by consent of the parties. (*Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386; *Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 277 N.E.2d 729.) Husband relies upon the case of *Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122, 180 N.E.2d 716, and asserts the doctrine of release of errors. The case does note release of errors as an exception to the general rule that subject matter jurisdiction cannot be conferred by consent. The exception is stated as being where the party attacking the decree for want of jurisdiction has accepted the benefits and privileges of the divorce decree by a remarriage, or where the other party has remarried and the intervening rights of third parties are affected, estoppel may be recognized. However, in our case, there are no facts of record that demonstrate whose circumstances have changed, or in what manner, or who has accepted what benefits from whom. Upon this state of facts, there can be no estoppel. (*Reagan v. Reagan* (1974), 22 Ill. App. 3d 211, 317 N.E.2d 581.) The doctrine of release of errors is noted in *Pierotti v. Pierotti* (1951), 343 Ill. App. 116, 98 N.E.2d 875, and *Boylan v. Boylan* (1932), 349 Ill. 471, 182 N.E. 614, both cited by husband, but in neither of the cases was subject matter jurisdiction at issue.

■■ In her brief, and in an affidavit filed in the trial court, wife contends that she was coerced into signing the stipulation for modification by husband. The basis for the coercion is that wife wished to remove the parties' minor child from the State of Illinois, and she asserts that husband agreed not to object to the removal if she would agree to modification. Husband did not apprise the trial judge of any of these alleged facts when he presented the modification order. These facts, if proved, would establish a fraud by the husband upon the court. (*Semmens v. Semmens* (1979), 77 Ill. App. 3d 936, 396 N.E.2d 1282.) The Illinois Supreme Court has held that a judgment procured by fraud or coercion is a void judgment. *James v. James* (1958), 14 Ill. 2d 295, 152 N.E.2d 582.

We reverse the modification order because it was entered by a court without subject matter jurisdiction. Were we not reversing on this basis, we would remand to the circuit court for the wife to have an opportunity to prove her charges of fraud and coercion. We would also note that the record denotes a lack of personal jurisdiction of the wife for the entry of the modification order because she was entitled at least to notice by mail that such an order would be entered. *McClellan v. McClellan* (1970), 125 Ill. App. 2d 477, 261 N.E.2d 216.

Should there be any further proceedings between these parties we draw the trial court's attention to section 506 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 506), which provides for the representation of a child by a court appointed attorney. It is clear that the parents here are looking after only their own interests, and the interest of this child may be seriously neglected.

We note also that the husband is technically correct that the modification of the child support award may stand, as the circuit court had jurisdiction over this part of the divorce decree. It seems ridiculous to us, however, to state that the needs of this child can be met by payment of $500 a month now when at the time of the divorce $1,000 per month was required. There was no evidence presented of changed circumstances on this point. Both the current and the earlier cases require substantial change in circumstances before a child-support award may be modified. (*Osborn v. Osborn* (1974), 20 Ill. App. 3d 397, 313 N.E.2d 610.) We thus strike the modification order in its entirety.

Reversed.

MILLS, P. J., and WEBBER, J., concur.