MARY A. ELMORE, n/k/a Mary A. Leeper, Plaintiff-Appellant, v. THOMAS E. ELMORE, Defendant-Appellee (Donald Austin *et al.*, Defendants).

Third District   No. 3—90—0612

Opinion filed August 28, 1991.—Modified on denial of rehearing October 10, 1991.

Hafele, Thiemann & Carter, of Peoria (James L. Hafele, of counsel), for appellant.

Frank M. Picl, of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Mary A. Elmore (now Leeper) appeals from the dismissal of three counts of her amended complaint against her former husband, Thomas Elmore, in a post-judgment proceeding to challenge an order for modification of property distribution.

Following the parties' dissolution of marriage, an agreed judgment was entered in the circuit court of Peoria County in January of 1984 providing, *inter alia,* that Mary would have title and possession of the marital home and custody of the couple's three children, and that when the youngest child reached age 18, the home would be sold, with Thomas to receive $35,000 of the proceeds and Mary to receive the balance. (In July of 1983, the home had been appraised at $120,000.) The parties divided their debts and other assets with Mary receiving $24,000 for her shares of stock in Thomas' business. Thomas also agreed to pay Mary an additional $7,200 in monthly installments of $300 and to pay 32% of his net income as child support.

In November of 1984 both parties came back into the circuit court when Thomas filed a petition for modification, Mary filed her entry of appearance and waiver, and both parties assented to a "Stipulated Judgment of Modification." The modification recited that, "as admitted by both parties, there has been a substantial change of circumstances upon which to base this modification."

The modified judgment provided that Thomas was to have full control of the marital residence and that Mary was to quitclaim her interest to Thomas. Mary's marital equity in the residence was to be reduced by $18,265.04 and Thomas' equity was to be increased by that amount to $53,265.04, $18,265.04 being the amount of Mary's

debts which Thomas assumed. It was further provided that when the youngest child reached the age of 18, the premises would be sold "within a reasonable amount of time at a reasonable purchase price" and the parties' marital equity would be satisfied in accordance with the modification of judgment.

In February of 1985 Mary filed a motion to vacate the stipulated judgment of modification on the grounds that it was unconscionable, inequitable, unfair and fraudulently induced. The motion was dismissed as were an amended motion and a second amended motion. The latter dismissal was with prejudice, and Mary appealed the trial court's ruling.

In an unpublished decision (*In re Marriage of Elmore* (3d Dist. 1986), No. 3—85—0486 (unpublished order under Supreme Court Rule 23)), this court affirmed the dismissal on the ground that her motion to vacate was insufficient as a matter of law for want of a supporting affidavit or a statement that her attorney who signed the motion had personal knowledge of the assertions in the motion. See Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(b) (requiring a sworn statement by a party with personal knowledge of facts not of record contained in a petition for relief from a judgment filed more than 30 days after entry of the order from which relief is sought).

Shortly after the parties' youngest child reached the age of 18, in August of 1989, Mary filed a petition challenging the validity of the stipulated judgment of modification and seeking to enforce the original judgment, or in the event the modification is valid, then to enforce her right to possession of the marital home upon payment to Thomas of $53,265.04. Thomas denied that Mary has a right to possession and stated that he had sold the premises for $86,000 to his sister and her husband and that he is holding $32,734.96 as Mary's equity in the home.

Mary then sought to interplead the purchasers, Virginia and Donald Austin, but Mary's petitions against the Austins and Thomas were dismissed by the trial court. She then filed an amended complaint with the following counts: (I) quiet title; (II) fraudulent conveyance; (III) enforce judgment; and (IV) show cause, declaratory relief, and enforce judgment. The trial court ultimately dismissed all counts involving the Austins and counts I, II, and III as to Thomas. Mary's motion for leave to file a second amended complaint was denied, and this appeal followed.

■■ The determinative issue on appeal is whether the judgment of modification was void for lack of subject matter jurisdiction. Mary contends that the trial court lacked jurisdiction to modify a property

disposition more than 30 days after entry of the original judgment without satisfying the requirements of section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 510(b)), which provides in pertinent part:

> "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State."

Mary argues that, since there is no claim that the original judgment was procured by fraud or coercion or that any facts exist to entitle the parties to post-judgment relief under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401), then the modification was void for want of jurisdiction. She cites several cases such as *Hartman v. Hartman* (1980), 89 Ill. App. 3d 969, 412 N.E.2d 711, where the father had a stipulated reduction in child support and addition of alimony entered without notice to the mother more than two years after the original property distribution decree. The reviewing court ruled that, even though the parties had agreed on the modification, the trial court lacked jurisdiction because subject matter jurisdiction cannot be conferred on a court by consent of the parties.

In later cases, decided after *Hartman*, courts have applied the doctrine of revestment to allow modification of property distribution judgments. The doctrine has been defined by the Illinois Supreme Court as follows:

> "[L]itigants may revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed. ***
>
> In order for the rule to apply, the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." *People v. Kaeding* (1983), 98 Ill. 2d 237, 240-41, 456 N.E.2d 11, 14.

This court held the doctrine of revestment applicable and allowed the modification of a judgment incorporating a marital settlement in *In re Marriage of Wharrie* (1989), 182 Ill. App. 3d 434, 538 N.E.2d 183, even though the proceeding to modify was commenced more than 30 days after the original judgment was entered. (Accord *In re Marriage of Demond* (1986), 142 Ill. App. 3d 134, 491 N.E.2d 183.) The trial court in the case at bar correctly ruled that jurisdiction

had revested by agreement of both parties. The judgment of modification is binding on both Mary and Thomas.

In conjunction with the stipulated modification of judgment, Mary deeded her interest in the marital home to Thomas. Mary has not challenged the validity of her deed in this proceeding. Thus, title to the property is not an issue in this cause. Accordingly, we hold that the Austins, who purchased the property from Thomas, were properly dismissed.

Mary also contends that she was entitled to have the property sold at a public sale or otherwise to be able to purchase it from Thomas for $53,265.04, the amount of his interest in the proceeds of sale. However, the documents signed by Mary (*i.e.*, the stipulated modification of judgment and the quit claim deed) contain no such reservation of rights. Title was conveyed to Thomas subject only to Mary's right to her portion of the proceeds.

Furthermore, although Mary has from time to time alleged conclusions as to fraud and coercion on the part of Thomas that induced her to sign the agreed modification, she has never filed sworn pleadings alleging facts constituting a valid cause of action for fraud. What the record does reveal are five attempts at pleading fraud, all of which were insufficient. It would seem that, less than a year after receiving substantial cash payments under the property settlement, Mary was in necessitous circumstances because of her debts. In return for assuming those debts, Thomas received possession and title to the marital home and an increase in his future share of the proceeds from the eventual sale of that home.

The unanswered question in this case is whether Thomas' sale to his sister was at a reasonable time and for a reasonable price as required in the stipulated judgment of modification. Those issues remain to be determined. Count IV of Mary's complaint is still pending in the trial court. The dismissal of counts I, II, and III is affirmed.

Affirmed.

STOUDER, P.J., and SLATER, J., concur.